1820.

LAWRENCE
v.
CORNELL.

---

LAWRENCE *against* CORNELL and others.

On the sale of premises, under two mortgages, it was represented, that the property was free from all incumbrances; but after the sale, and the Master's report, it was discovered, that the property was subject to a city assessment and tax; and the purchaser, therefore, refused to complete the purchase, unless the incumbrances were removed. The Court, the facts being satisfactorily proved, directed the master to discharge the incumbrances out of the proceeds of the sale.

*August 8th.*

PETITION of the plaintiff, stating a decree for the sale of mortgaged premises, lying in the city of *New-York*, to satisfy the mortgage debt due to the plaintiff, and a junior mortgage held by one of the defendants, and a sale thereon, by a Master, in pursuance of the decree, to *William Reynolds*, for 2,550 dollars. That, at the time of the sale, the premises were represented as free and clear from all incumbrances. That since the sale, the plaintiff has discovered that there was a city assessment upon the lot, amounting, on the 1st of *March* last, to 300 dollars and 31 cents, and that the premises were, on that day, sold to *John W. Richardson*,

for the term of four years, in discharge of the assessment; and, also, that the premises were charged with a city tax of 13 dollars and 76 cents, payable on the 1st of *October*, 1819, which sum bears interest from that day, at the rate of 14 per cent. That *Reynolds*, the purchaser, refused to take the purchase, subject to these incumbrances, but was willing to take it, if they were redeemed; and that the purchase, by *Richardson*, was redeemable, by paying the 300 dollars and 31 cents, with interest, at the rate of 20 per cent. from the time of his purchase. That the plaintiff was entirely ignorant of these incumbrances, at the time of the sale; and he prayed that the master be directed to extinguish the incumbrances out of the purchase money.

This petition was accompanied with an affidavit of the truth of the facts stated, and was duly served on the solicitor for the defendant, *Rogers*, who held the junior mortgage; and it was accompanied with the Master's report, stating the sale, and the terms of it. The report was silent as to any assurance of title, but the Master annexed to his report, the certificates of the street commissioner for the city of *New-York*, dated since the sale, and also the certificate of the collector of taxes, stating the sale to *Richardson*, as mentioned in the petition, for the purpose stated, and, also, the other tax chargeable thereon.

*J. Smith*, for the plaintiff, moved for an order pursuant to the prayer of the petition, and cited *Sugden's Law of Vendors*, p. 41. and 1 *Vesey, jun.* 266.

*M'Kown*, contra, on behalf of the defendant, *Rogers*, who held the junior mortgage.

THE CHANCELLOR. The facts stated in the petition and report, remain uncontradicted. The premises, at the time of the sale, were represented " to be free and clear from all incumbrances;" and the Master's report contains no allega-

tion to the contrary.   It, likewise, contains the evidence of the fact of such incumbrances; and the certificates show that the evidence of them came to the Master's knowledge since the sale.   The purchaser ought not to be held to his purchase, under these circumstances; and we must intend that the lot was sold, and was purchased with the understanding, that the title was clear, and the price bid is to be taken as a fair and adequate consideration for the premises, free from incumbrances.   It is, therefore, just, and for the interest of all parties, that the purchaser, or the Master for him, should be at liberty to apply part of the purchase money in discharge of the incumbrances.   *Stretton's case*, (1 *Vesey, jun.* 266.) though rather an imperfect and unsatisfactory note, contains authority for this direction, as we have here, what was wanted in that case, the Master's report of the incumbrances.

I shall, accordingly, direct, that the Master, out of the proceeds of the sale, redeem the mortgaged premises from *Richardson*, and, also, discharge the lien of the other tax, upon the terms by which they are, by law, redeemable, and that he bring the residue of the purchase money into Court, to abide its order.

                                        Order accordingly.