Jones, J.,
delivered the opinion of the Court.-
This was an action of trover, brought by the defendant in error against the plaintiff, in the Circuit Court of Howard county, returnable to March term, 1820, on.the i first day of which said term the then plaintiff, Barnes, in pursuance of leave given by the Court, amended his declaration by adding two new counts, charging the defendant, Hickman, with persuading and inducing the Constable of Franklin township to levy on and selling certain heads of horses, the property of the plaintiff, then in possession of one Hezekiah Porter, (to whom they had been let to hire, by the plaintiff,) in virtue of executions issued on judgments obtained against said Porter, before a Justice of the Peace. The defendant, not appearing on the last day of the term, a judgment by default was entered ag-ainst him, and an inquiry of damages awarded, to he executed at the then next term, viz: July term, 1820. In January *111 term, 1821, the defendant moved the Court for leave to plead to the declaration, supported "by Ms affidavit, of having a just and lawful defence; that he wished for no delay, hut was ready to go to trial upon the merits. This motion being overruled by the Court, a jury was sworn, who -assessed the plaintiff’s damages; whereupon judgment was entered for the plaintiff. The defendant then moved to set asido the judgment for irregularity, and also in arrest of judgment, which motion, after -argument, was overruled. After which, the plaintiff, on motion, obtained leave to amend the award, as to the entry of the interlocutory judgment, which was accordingly done.
The errors assigned are, first: That there is no judgment by default, rendered against the defendant below, to warrant or support the final judgment. Second: That leave was refused the defendant below to plead to the action, on his motion and affidavit filed — plea in millo est erratum. The interlocutory judgment originally entered, after stating the defendant’s default, on being solemnly called, proceeds thus ; <e Whereupon, it not appearing certainly to the Court what judgment shall be entered in the premises against him, (the defendant,) therefore, it is considered, that a jury be summoned at the next term of this Court, to inquire of the damages,” &c. And it is contended by the counsel for the plaintiff in error, that the entry so made is hot only informal but void, and does not amount to he a judgment rendered by the Court. This Court is of opinion, that although the entry is not strictly formal, yet that sufficiently appears to show, that a judgment by default was rendered by the Court against the defendant, the entering up of which, in due form, is the duty of the Clerk; and as a misprison of the Clerk is clearly amendable by our statute of jeofails, the Court is of opinion that the Circuit Court did not err in ordering the amendment prayed for in the entry of the interlocutory judgment, the principle being well established that amendments, in point of form, may he made, not only during the term? hut at any subsequent one.
The other matter assigned for error, is, the refusal of the Circuit Court to, permit the defendant to plead to the action, (on an affidavit being filed, of his having a legal defence,) before the inquiry was executed. This Court is of opinion, that if the defendant below had moved the Circuit Court to set aside the interlocutory judgment, and it had refused to do so, and that refusal had been made part of the record^ and excepted to, this Court would have reversed the opinion of the Circuit Court, and sent the cause hack, with instructions to set aside the interlocutory judgment, so as to give the defendant an opportunity to plead to the action. The invariable practice, as well in the late Superior Court, and they believe, in all the Circuit Courts^ has been, where the plaintiff amends his declaration in any material points, to allow the defendant until the ensuing term, to file his pleas. This is consonant to the true intent and meaning of the statute, which requires fifteen days’ notice of the true cause of action to be served upon the defendant, so as to give him time to consider of the proper defence he ought to make to the action, as stated in the declaration. This he would not have, if the plaintiff, by amending his declaration, and adding new counis for other causes of action, which might materially alter the defence of the defendant; and, therefore, he ought to have to the next term to file his pleas to the whole declaration, as amended. This Court do not concur with the position taken by the counsel for the plaintiff below, that there is no necessity of reading the declaration to the defendant, at the time of the service of the writ, and that the reading of the writ alone, is a sufficient service — the words of our statute *112 being positive, that the Sheriff shall read the writ, declaration, petition or statement,, to the defendant; and this Court is of opinion, that the disjunctive “ or,”' applies to, the declaration, petition or statement, only, and that the reading of the writ, together with the declaration, petition or statement, whichever of them may have been filed as the cause of complaint, is indispensably necessary, so as to constitute a good service. As the defendant below’s motion to the Court, was only to permit him to plead, we are of opinion, that there was no error in the Circuit Court, in refusing this permission ; and if it had given this permission, itwould have been clearly erroneous, as no plea can bo permitted to be entered, as long as an interlocutory judgment is in force. The motion, therefore, ought to have been, to set aside the judgment, and then, for leave to plead, which, this Court are inclined to think, would-if applied for, have been granted by the Circuit Court.
Let the judgment be affirmed, with damages, at the rate of ten per cent, per annum thereon, from the rendition of the judgment until this day, and legal interest or the amount thereof) until paid, together with costs.