McGirk, C. J.,
delivered the opinion of the Court.
This is an action of covenant, brought for the non-payment of money; the instrument is in the common form of a bond, only it contains a stipulation, that if the money is not paid at the day, then ten per cent, per annum is to he paid by way of interest.
The only plea is a plea of set off in bar of the whole of plaintiff’s demand; to this plea there is a demurrer, and the demurrer is sustained, and judgment for the plaintiff on sustaining the demurrer. The entry is, that the plea is adjudged insufficient, and, inasmuch as said declaration is not denied, therefore, judgment is given by the Court for the amount mentioned in the decía ation, with the ten per cent, without first entering an interlocutory judgment, other than as above.
The only two points in this case, are: first, as to the goodness of the plea; secondly, Is it error to enter the final judgment, by the finding of the Court, without an interlocutory judgment?
With respect to the plea, it purports to he a plea setting off $3,000, obtained by-usury, and is intended to he plead in bar, under the statute of usury. The commencement of the plea is good; but when it proceeds to a statement of. facts, it does not show any fact, or set of facts, which would make any one item usurious. With respect to the four per cent, premium, the plea says it was taken muriously; — it should set out the facts, and then the Court could judge of its usurious quality.
The doctrine is, as contended for by the counsel for the defendant in error, that there must be an answer to the whole declaration; hero each item stands for a separate plea; then there must he enough of items in the whole, each one well pleaded, to meet the whole of the demand; here, all the items are badly pleaded. JBut, in order to let in the item of $12,000, it-is said, that the introductory part of the plea, which professes it to he an usurious plea, may be stricken out as surplusage. This would not help the plaintiff in error, for then his plea would, in fact only, be an answer as to $12,000, when, in the commencement, it professes to answer all; so would still be bad on general demurrer.
*134 Second. There is no error as to the manner of ei tering judgment. That this Couit can assess the damages, the authorities are clear; and the want of a formal interlocutory judgment, is only a clerical mistake, which, if material, this Court would now direct to be amended, and make the defendant pay the costs, hut would not reverse the judgment.
Let the judgment be affirmed with costs, &c.