CHARLES GIBSON, Plaintiff in Error, v. CHOUTEAU'S HEIRS, Defendants in Error.

1. *Clerical errors—Judgments nunc pro tunc—When may be entered.*—Where the clerk of a court fails to enter judgment, or enters up the wrong judgment, there is no doubt about the existence of power in the court to correct the matter, and order the proper entries to be made at any time. The court may always at subsequent terms set right mere forms in its judgment, or correct misprisions of its clerks, or any mere clerical errors, so as to conform the record to the truth. But when the court has omitted to make an order which it might or ought to have made, it can not at a subsequent term be made *nunc pro tunc.* In all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry.

*Motion to correct judgment.*

*Chas. Gibson,* for the motion, cited 39 Mo. 573; State v. Clark, 18 Mo. 432; 10 Mo. 359; Commonwealth v. Wistar, 3 Pet. 431; Graham v. Lynn, 4 B. Monr. 18; United States v. McKnight, 1 Cranch, 84.

*Glover & Shepley, contra.*

The record of this court was closed here by a final order of this court in 1867, and the court has no power to touch it. (10 Mo. 359; 18 Mo. 432; 19 Mo. 127.) The court has changed; there is only one judge now on the bench who made the order. It is the court who are to certify what questions arose—the court that decided the cause. Reasons are not injected into judgments.

The reasons belong to the opinion of the court—not to its orders. They are not part of the record proper, but may be made so by bills of exception or by a certificate, under section 25 of the judiciary act of 1789.

WAGNER, Judge, delivered the opinion of the court.

Motion by plaintiff praying for the correction of two former judgments rendered in this cause, respectively, at October term, 1866, and at the March term, 1867. At the first argument of the cause in this court at the October term, 1866, final judgment was given for plaintiff. The counsel for defendants then moved for a rehearing on one single point only—namely, the statute of limitations.

After consideration, the motion was sustained and a re-hearing granted as to that point, and the case was set for re-argument at the next ensuing term. At the hearing in the March term, 1867, the prior rulings of this court were not disturbed—indeed they were not open for consideration, excepting on the single question of the statute of limitations, and the judgment was reversed on that question, and that only. In making up the records, the clerk omitted to state any special ground for which the re-hearing was granted, but made a general entry, stating that the "judgment heretofore entered in this cause be, and the same is hereby set aside, and this cause is docketed for a new hearing." In like manner, in entering the last and final judgment, at the March term, 1867, the record disclosed a general judgment of reversal which included and covered the whole ground of controversy.

Plaintiff prosecuted his writ of error from the decision of this court to the Supreme Court of the United States, and in that court the writ was dismissed for the reason that it did not appear that the judgment of this court was based exclusively on the question of the statute of limitations, and that it might have been founded on other issues not reviewable in the Supreme Court of the United States.

The question now is, whether this court will correct the judgments and enter them *nunc pro tunc*, so as to impart validity to them as of the term when they should have been so rendered.

The main ground taken in resisting the motion is, that the terms having passed at which the judgments were rendered, the motion can not be granted; that judgments *nunc pro tunc* can only be rendered during the progress of the cause, and not after the case has been finally disposed of and the term has elapsed. There is no dispute or contention about the facts in the case—the records of this court show them to be as above stated. The first judgment of this court was undisturbed except as to one point—the statute of limitations—and the final judgment was an express affirmance of that ruling in all things, the reversal being predicated solely on that statute.

The plaintiff was entitled to have the actual facts appear on the record, and their failure to so appear was a clerical error or mistake of the clerk. Where the clerk fails to enter judgment, or enters up the wrong judgment, there is no doubt about the existence of power in the court to correct the matter, and order the proper entries to be made at any time. The court may always, at subsequent terms, set right mere forms in its judgments, or correct misprisions of its clerks, or any mere clerical errors, so as to conform the record to the truth. (Hanly v. Dewes, 1 Mo. 16; Sibbald v. United States, 12 Pet. 492; Medford v. Dorsey, 2 Wash. 433; Bank v. Wistar, 3 Pet. 431; Weston's case, 11 Mass. 417; Jackson v. Weisiger, 1 Bibb, 324; Keams v. Rankin, 2 Bibb, 88; Lawrence v. Cornell, 4 Johns. Ch. 542; The Palmyra, 12 Wheat. 10; Hammer v. McConnell, 2 Ohio 32; Com. Dig. Amend., T. 1.)

In Hyde v. Curling, 10 Mo. 359, it was held that a court has power to order entries of proceedings had by the court at a previous term to be made *nunc pro tunc*. But where the court has omitted to make an order, which it might or ought to have made, it can not, at a subsequent term, be made *nunc pro tunc*. In all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry.

In the case of State v. Clark, 18 Mo. 432, Hyde v. Curling was approved, and it was declared there was no doubt of the power of the Court to make *nunc pro tunc* entries on the record in furtherance of justice.

The record here shows all the facts authorizing the amended entry, and justice demands that the order be made. The record should be made to conform to the truth, and the plaintiff should not be deprived of the privilege of prosecuting his suit on account of a mere mistake in entering judgment.

The motion will be sustained and a judgment *nunc pro tunc* entered. The other judges concur.