HENRY S. TURNER, EXECUTOR OF LOUIS A. BENOIST, Respondent, v. AMANDA E. CHRISTY et al., Appellants.

1. *Judgment — Confession — Confessor need not be party, when.*—In proceedings by the heirs of A. to reform the entry of a judgment confessed in favor of A., but entered in favor of A. and B., it is not essential that the person confessing shall be made a party.

2. *Judgment, correction in entry of — Power of not statutory.*—A proceeding to correct the entry of judgment is not governed by the statute in reference to setting aside judgments for irregularity. It is a proceeding outside of the statute, and invokes the inherent power residing in every court of record.

3. *Judgments — Entry—Errors in—Corrections, when may be made.*—Where the clerk of a court fails to enter judgment when rendered, or enters up the wrong judgment, the court may correct the matter and order proper entries to be made at any time. And it may always, at subsequent terms, correct mere forms in its judgments or misprisions of its clerk, or mere clerical errors, so as to conform the record to the truth. But when a court has omitted to make an order or decree which it might or ought to have made, it cannot at a subsequent term be made *nunc pro tunc ;* and in all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry. (Gibson v. Chouteau's Heirs, 45 Mo. 171, affirmed.) Where it was obvious from the record that a judgment by confession was rendered, and that the insertion of the name of one of the parties on the entry was a mere clerical error, the record furnishes all the necessary evidence to amend by.

*Appeal from St. Louis Circuit Court.*

*Casselberry*, for appellants.

I. No motion to correct errors or irregularities in entering or recording judgments, can be made after the expiration of three years from the time of the rendition or recording of the same. (Downing v. Still, Adm'r of Thatcher *et al.*, 43 Mo. 316 ; Dysart's Adm'r v. Austin, 36 Mo. 47 ; see also Gen. Stat. 1865,

ch. 172, p. 686, § 26 ; Wagn. Stat. 1062, § 26 ; R. C. 1855, p. 1290, § 26.) The proceedings are barred by the general statute of limitations (Wagn. Stat. 917, § 9). This action was commenced thirteen years after the rendition of the judgment of 1857.

II. The judgment in this case being a final judgment and regular on its own face, cannot be set aside after the term at which the same was rendered. (Brewer v. Dinwiddie, 25 Mo. 351 ; Ashley v. Glasgow *et al.*, 7 Mo. 320 ; Hill v. St. Louis, 20 Mo. 584 ; Harbor *et al.* v. Pacific R.R. Co., 32 Mo. 423 ; Harrison v. The State, 10 Mo. 686.)

III. Sanguinet H. Benoist is not a party to this proceeding, notwithstanding he is a real party in interest. It is error for a court to cause the record of a preceding term to be amended without notice to all of the parties thereto. (Alexander v. Stewart, 23 Ark. 18 ; Kyle v. Hayward, 14 Ind. 367 ; Martin v. Bank of the State, 20 Ark. 636 ; McNally v. Mott, 3 Cal. 235 ; Coughran v. Gutcheus, 18 Ill. 390 ; Williams v. Banks, 19 Md. 524.) In amending a judgment there must be something in the record itself to amend by. (Price v. Thompson, 11 Ala. 875 ; Benford v. Daniels, 13 Ala. 667 ; Moody v. Grant, 41 Miss. 556 ; Summersett v. Summersett, 40 Ala. 596 ; Harris v. Martin, 39 Ala. 556 ; Boyd v. Blaisdill, 15 Ind. 73 ; Morrison v. Dapman, 3 Cal. 255 ; Smith v. Allyn, 1 Penn. 486 ; Nelson v. Baker, 3 McLean, 379 ; Moody v. Grant, 41 Miss. 565.)

*Glover & Shepley*, for respondent.

Where there is any irregularity in the judgment, the court will, on motion, at a subsequent term (the irregularity being shown to its satisfaction), set the judgment aside or do whatever the justice of the case may require. (Brewster v. Dinwiddie, 25 Mo. 352.)

If there was a mere clerical error, the entry of the judgement can be corrected at any time. This case is not contemplated by section 26, Wagn. Stat. 1062. A clerical error can be corrected at any time. (Balch v. Shaw, 7 Cush. 282.)

Sanguinet H. Benoist was not a necessary party to the petition for reformation of the record. His rights were determined

by the confession given by him. If Christy had rights given to him by the mistake of the clerk in making the entry, then he or his heirs were properly cited to show cause why it should not be reformed.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding instituted in the Circuit Court by the executor of Louis A. Benoist, against the administrator and heirs of James Christy, deceased, to reform the entry of a judgment. It appears from the record that in 1857, Sanguinet H. Benoist, by his confessions in writing, authorized two judgments to be entered up against him, one in favor of Louis A. Benoist, and the other in favor of Benoist and Christy, and that the clerk by mistake entered up both judgments in favor of Benoist and Christy.

The plaintiff now asks that the name of Christy be stricken from the record in the first named case, and that the judgment be amended so as to make it conform to the facts. The court below, upon the facts before it, made an order *nunc pro tunc* amending the judgment, and the defendants appealed.

The notice was served on the heirs of Christy, stating that the motion would be made for an amendment of the record, but Sanguinet H. Benoist was not brought in, and it is argued that he was a necessary party. This objection was not raised in the court below, and I am of the opinion that it was not essential that Sanguinet H. Benoist should have been made a party. His rights were determined by the confession, and if Christy acquired any right by the mistake of the clerk in making the entry, then he or his heirs were the only proper or necessary parties. The counsel for the appellant is mistaken when he supposes that this case is governed by the statute in reference to setting aside judgments for irregularity. It is a proceeding outside of the statute, and invokes the inherent power residing in every court of record. We recently examined this question and reviewed the authorities in the case of Gibson v. Chouteau, 45 Mo. 171, and we there announced the conclusion that where the clerk of a court fails to enter judgment, or enters up the wrong judgment, there is no doubt about the existence of power in the court to correct the

matter and order the proper entries to be made at any time; that the court may always at subsequent terms set right mere forms in its judgment, or correct misprisions of its clerk or mere clerical errors, so as to conform the record to the truth; but that, when the court has omitted to make an order which it might or ought to have made, it cannot at a subsequent term be made *nunc pro tunc*, and that in all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry.

Did the record in this case exhibit sufficient facts to amend by? The original confessions were filed and numbered in the court, and constituted a part of the record. The confession in favor of Benoist and Christy was numbered 593, and stated the amount for which judgment was authorized to be rendered. The one in favor of L. A. Benoist alone was numbered 592, and also contained the precise sum for which judgment was to be entered. These numbers were written at the head of each case on the judgment book. The confessions pointed out clearly the parties and the respective amounts for which judgments were authorized. The one in favor of Benoist and Christy was rightly entered, and for the proper sum, but the one in favor of Benoist alone was rendered for the correct amount, but a wrong name was accidentally inserted by the clerk. It is obvious that the judgment was rendered, and that the inclusion of the name of Christy was a mere clerical error.

The record furnishes all the necessary evidence to amend by, and we are satisfied that the court reached the proper conclusion. There is nothing in the point raised by the counsel for the appellant in regard to the effect of the judgments as they were given to secure liabilities incurred for Sanguinet H. Benoist. The confessions authorized the rendering of absolute judgments, and that is all that can be inquired into in this case.

Affirmed. The other judges concur.