————o————

Thomas W. Priest, Administrator of Eliza E. Smarr, deceased, Defendant in Error, *vs.* Ann F. McMaster, administratrix of Samuel H. K. McMaster, deceased, Plaintiff in Error.

1. *Practice, civil—Orders, nunc pro tunc—Subsequent terms—Record.*—Where a Court fails to make an order, it cannot be made at a subsequent term *nunc pro tunc ;* but where the clerk fails to enter judgment, or enters up the

wrong judgment, the Court may at any time order the proper entries to be made, but the record should show the facts which authorize the entries.

*Error to Macon Circuit Court.*

*Anderson & Boulware and Wm. P. Harrison*, for Plaintiff in Error.

I. An amendatory or *nunc pro tunc* entry can be made after the term at which the proceeding was had, and after the matter had ceased to be *in fieri*, only when the record itself, or at most entries *quasi* of record, such as those made by the Judge upon his docket, or the clerk upon his minute book, discloses what actually took place. (Moody vs. Grant, 41 Miss., 565 ; Makepeace vs. Lukens, 27 Ind., 435 ; Summersett vs. Summersett, 40 Alabama, 596 ; Harris vs. Martin, 39 Ala., 556 ; DeCastro vs. Richardson, 25 Cal., 49 ; Wilson vs. McEvoy, 25 Cal., 169 ; Wallahan vs. People, 40 Ills., 103 ; West vs. Galloway, 33 Ala., 306 ; Courson vs. Herrin, 33 Ala., 553 ; Swain vs. Naglee, 19 Cal., 127 ; Price vs. Likens, 23 Texas, 635 ; Dickson vs. Hoff, 3 How., (Miss.) 165 ; State vs. Fields, Peck., (Tenn.) 140 ; Davis vs. Ballard, 7 Monroe, 604 ; Morrison vs. Dapman, 3 Cal., 255 ; Bondurant vs. Thompson, 15 Ala., 202 ; Kitchen vs. Moye, 17 Ala., 143 ; Metcalf vs. Metcalf, 19 Ala., 319 ; Boon vs. Boon, 8 Smedes and Marsh, 318.)

In all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry. (Gibson vs. Chouteau's Heirs, 45 Mo., 171 ; Hyde vs. Curling, 10 Mo., 359.)

*Hall*, for Defendant in Error.

The change in the title of the case on the record and on the docket shows conclusively that the " Administrator of Smarr, had been substituted.

WAGNER, Judge, delivered the opinion of the court.

The record in this case raises but one single point and that is the action of the Court in sustaining the plaintiff's motion for a *nunc pro tunc* entry of appearance by the administrator ;

as to the propriety of the subsequent judgment, there can be no question.

The case shows that Eliza E. Smarr filed in the Probate Court of Marion County a claim against the estate of McMasters, and after judgment in that court the cause was appealed and thence transferred by change of venue to the Macon County Circuit Court. During the pendency of the case in the Circuit Court, Mrs. Smarr died, and Priest the plaintiff became her administrator. The parties appeared at the September term 1870, a trial was had and judgment rendered for plaintiff. No objections were made or exceptions taken. At the September term 1871, the defendant appeared in court and made a motion to set aside the judgment because Smarr's administrator had not been properly made a party to the suit. The Court then at the instance of the plaintiff ordered an amendment of the record *nunc pro tunc* showing an appearance of the plaintiff as administrator of Smarr as of the September term 1869.

The power of a Court to order *nunc pro tunc* entries in furtherance of justice, is too well settled to require the citation of authorities. (Gibson vs. Chouteau's Heirs, 45 Mo., 171, and cases referred to.)

Where the Court has omitted to make an order, which it might or ought to have made, it cannot at a subsequent term be made *nunc pro tunc*. But where the clerk fails to enter judgment, or enters up the wrong judgment, the Court may correct the error, and order the proper entries to be made at any time. But in all cases the record should show the facts which authorize the entry.

The question then is, does the record show such a state of facts as to warrant the Court in making the amendment and correction. The minutes kept by the clerk, and the entries on the judge's docket both show that previous to 1869 the cause was entitled and the proceedings were had in the name of Smarr against McMasters, but subsequent to that time both the judge and the clerk entitled the cause and made their entries as Priest, administrator of Smarr against McMasters.

This shows very clearly to my mind that the death of Smarr was suggested, and that Priest the administrator came into court and had his appearance entered and was, I think sufficient record evidence to amend by.

In my opinion the judgment should therefore be affirmed. The other judges concur.