Dunn v. Raley.

WILLIAM DUNN, Respondent, *vs.* JAMES RALEY, Appellant.

1. *Mortgage—Seal, irregularity in—Deed may be enforced notwithstanding, in equity.*—A mortgage may be irregular where the seal is omitted or not in accordance with law, but it will nevertheless be valid to create a lien, a trust for the benefit of creditors, which can be enforced in equity ; and even where suit is brought at law to foreclose the mortgage it will not be reversed simply for such defect.

2. *Judgments, may be amended nunc pro tunc, how.*—The established rule in this State is that in all cases where it is attempted to amend a judgment *nunc pro tunc* the record must show the facts which authorize the entry.

3. *Mortgage, suit on—Prior encumbrancer made party defendant—How far concluded thereby from suit on first mortgage—Res adjudicata—R. C. 1855— Construed statutes.*—In suit brought to foreclose a mortgage while the statute of 1855 in relation to mortgages was in operation (See § 7) plaintiff had a prior encumbrancer made one of the parties defendant. But the petition did not ask that plaintiff might have the privilege of paying off his claim and be subrogated to his rights, nor that said claim should be first satisfied in order that a clear title might be obtained upon a sale. Upon these matters the judgment was also silent. *Held* that such suit did not constitute a bar to further proceedings by the first encumbrancer on his mortgage. Although technically made a party his rights were unaffected.

*Appeal from Schuyler Circuit Court.*

*E. W. Higbee, W. W. Cover and James Raley,* for Appellant.

*Goldrick, Hughes & Caywood* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

From the record it appears, that in 1858, one Geo. F. Cupp was the owner of the land in question and executed a mortgage on the same to the plaintiff, to secure the payment of a promissory note, therein mentioned. Subsequently Cupp sold the land to Henry G. Payton, and took a mortgage thereon to secure the purchase money. When this last or second mortgage became due, Cupp brought suit to foreclose it, making plaintiff, Payton, and the tenants in possession defendants.

Payton and plaintiff were both notified by publication, and at the return term a judgment by default was taken against them, which at the next term was made final. During the pendency of the suit the claim was first assigned to the defendant herein, and then by him again assigned to Mary A. Cupp, in whose name the final judgment was taken.

The land was sold by virtue of an execution, issued under the judgment of foreclosure, and the defendant became the purchaser. Plaintiff afterwards brought this suit upon his first mortgage to foreclose, and it was resisted by the defendant, on the ground that the prior suit was a bar to the action, and that the rights of the plaintiff were concluded thereby. But this defense was unavailing, as the court found for the plaintiff, and the defendant has therefore appealed the cause to this court.

An objection is made to the mortgage of the plaintiff, and it is alleged that it is not sealed in the manner required by law. Opposite the grantor's name, the word seal is written, but it is not surrounded by any scrawl or other written device.

It is very true this does not comply with the statutory requirements in reference to seals, but the mortgage is not in consequence thereof avoided. A mortgage may be irregular where the seal is omitted, or not in accordance with law, but it will nevertheless be valid to create a lien, a trust for the benefit of the creditor, which can be enforced in equity. (McClurg vs. Phillips, 49 Mo., 315; McQuie v. Peay, *ante* p. 56.) And although this suit for foreclosure is not a proceeding in equity, yet if we find no other error in the record, we would not be justified in reversing the judgment, on that account, and compelling the plaintiff to proceed anew, when the same result must follow.

In the suit of Cupp vs. Payton, a special judgment was rendered awarding execution against the mortgaged premises to satisfy the debt; and at the conclusion of the judgment, it was declared that the equity of redemption of all the defendants was foreclosed. During the progress of this case, a motion was made to amend the judgment by an entry *nunc pro tunc*, so as to show, that not only the equity of redemption, but the entire interest of the defendants was foreclosed and adjudicated. This motion was overruled.

The minutes kept by the judge presiding at the trial, and by the clerk also, simply showed that a judgment was given

for the plaintiff, but there was nothing whatever to indicate that any different judgment was intended from that which was written on the records of the court.

The established rule in this State is, that in all cases, where it is attempted to make a *nunc pro tunc* amendment, the record must show the facts which authorize the entry. Here there was nothing to amend by and the ruling of the court was therefore correct.

But it is contended that the effect of bringing plaintiff as first mortgagee into court and making him a party was a conclusive bar as to all his rights. This we think is founded in an entire misapprehension. The petition in the case merely alleged that plaintiff held· a prior incumbrance and asked that he might be made a party. It did not ask that the plaintiff in the case might have the privilege of paying off his claim, and be subrogated to his rights, nor did it propose that his lien should be foreclosed and that his claim should be first satisfied, in order that a clear title might be obtained upon a sale. Upon these matters the judgment is also silent.

The proceeding was governed by the statute of 1855, and the seventh section of the act in relation to mortgages provides, that all incumbrancers or persons having an interest existing at the commencement of the suit, subsequent, as well as prior, in date to plaintiff's mortgage, provided the same shall be of record in the county where the same may be situated at the commencement of the suit, shall be made parties, otherwise they shall not be bound by the judgment. (2 R. C. 1855, p. 1089, § 7.)

The statute merely enunciated a rule that had long existed in courts of equity. Its obvious purpose and object was to bring in all parties in interest, that their rights might be determined and adjudicated in one action and thus avoid a multiplicity of suits.

Unless provision is made for satisfying the claim of the first mortgagee. nothing more than the equity of redemption can be decreed to be sold. In Kilborn vs. Robbins, (8 Allen 466) it is held, that where a prior mortgage exists, the second

mortgagee can acquire the premises only by redeeming the same, and paying such sum of money as may be justly due thereon.

In the case of Hudnit vs. Nash, (1 C. E. Green, N. J. 550) where the practice exists under the equitable rules of court, it is said: "Under our practice, doubtless, the prior mortgagees are made parties to avoid a multiplicity of suits, so that the premises may be sold free from incumbrances, and most advantageously for the interests of the owner of the equity of redemption. But still in strict technicality and in its practical operation, the bill as against the first mortgagee, is a bill for redemption, not for foreclosure. The mortgage is redeemed, not technically, by the payment of the debt in advance by the complainant, but the same result is reached by its being paid or redeemed, first in order out of the proceeds of the sale. By coming in with his mortgage, the first mortgagee assents to the relief prayed for by the complainant. Beyond that he asks no relief. As against him the relief sought for will not be granted, unless by his consent, or upon payment of the amount actually due upon his debt."

The same doctrine is announced in Holcomb vs. Holcomb, (2 Barb. 20) where it is declared that the plaintiff may make prior incumbrancers parties to the bill, for the purpose of having the amount of such incumbrances liquidated and paid out of the proceeds of the sale.

But in the case brought by Cupp to foreclose his mortgage against Payton, no such thing was done or attempted to be done.

The plaintiff in this case was simply made a party as holding a prior incumbrance, but no relief was asked for against him in the petition, or given by the judgment of the court. Under such circumstances, although he was technically a party to the record, it is manifest that his rights remained unaffected.

The judgment should be affirmed; the other judges concur.