————O————

E. A. FLETCHER, Respondent, *vs.* GEORGE R. COOMBS, *et al.*, Appellants.

1. *Judgments—Erroneous entries—Corrections nunc pro tunc, at subsequent term —Evidence sufficient to authorize—Presumption.*—The rule is well settled in this State, that where the clerk of a court fails to enter a judgment, or enters up a wrong judgment, the court has the power to correct the error or omission by having the proper judgment entered up by the clerk, at any time at the same or a subsequent term. But in cases where *nunc pro tunc* entries are made, the record should in some way show, either from the judge's minutes or otherwise, the facts which would authorize the entry. Where a judgment is entered *nunc pro tunc* by order of the court, the presumption is in favor of the action of the court, and that it was based upon sufficient evidence.

*Appeal from Adair Circuit Court.*

*Greenwood & Pickler*, for Appellants.

I. If judgment is given against all the sureties, it must be good as to all or bad as to all, as a judgment is an entirety.

(Rush vs. Rush, 19 Mo., 441; Randalls vs. Wilson, 24 Mo., 76; Smith, Adm'r vs. Rollins, 25 Mo., 408.) Judgment rendered against a party after his death is void. (Wagn. Stat., 1050, §§ 7, 8.) The only time at which the plaintiff could have filed his motion to correct the judgment, was during the term at which it was rendered. (Smith vs. Best, 42 Mo., 185; Huthsing vs. Maus, 36 Mo., 101.) The court had no further power over this judgment, after the close of the term at which it was tried. (Wilson vs. Boughton, 50 Mo., 18, and cases cited.)

*Harrington & Cover*, for Respondent.

I. The motion to correct the judgment is in the nature of a writ of error *coram nobis*. The judgment included the name of Joseph T. Dennis, one of Coombs' sureties on his appeal bond, which was an error in fact, and had to be corrected in the Circuit Court, and can be done at any time. (Callaway vs. Nifong, 1 Mo., 159; Powell vs. Scott, 13 Mo., 458.) A judgment rendered against a defendant after he is dead, is not void, but at most only voidable. (Coleman vs. McAnulty, 16 Mo., 173; latter part of opinion on page 176, in point; Warder vs. Tainter, 4 Watts, 278, in point.) The judgment was through mistake rendered against Dennis; the court did not order judgment against him; his name was included in the judgment by mistake of the clerk through neglect and inattention, and the court had the right to correct. (Gibson vs. Chouteau, 42 Mo., 171; Turner vs. Christy, 50 Mo., 145; Horstkotte vs. Menier, 50 Mo., 158.)

The statute provides, that for any informality in entering judgment, or making up the record, the judgment shall not be affected. (Wagn. Stat., 1036, § 19.) Also that all defects and informalities, etc., not being against the right and justice of the matter of the suit, nor altering the issues, shall be amended by the court. (Wagn. Stat., 1037, § 20.)

Vories, Judge, delivered the opinion of the court.

The plaintiff in this case commenced a suit against the defendant, Geo. R. Coombs, before a justice of the peace, in

Adair county, to recover a judgment on a promissory note, for about one hundred and twenty dollars.

The plaintiff recovered a judgment before the justice, from which the defendant appealed to the Adair Circuit Court, executing an appeal bond at the time, in which bond he was joined by P. F. Greenwood, C. J. Sloan, J. D. Dennis, and seven others, who executed the appeal bond as sureties for Coombs. In the Adair Circuit Court the plaintiff again recovered a judgment, which was rendered against defendant, Coombs, and all of the sureties on the appeal bond, including said J. D. Dennis.

An execution was afterwards issued on this judgment, and made returnable to the next succeeding term of the said Circuit Court after the rendition of the judgment.

At the term of the court to which the execution was returnable, the defendants appeared in court and moved the court to set aside the judgment rendered in the case at the previous term, and to quash the execution issued thereon, assigning as grounds for said motion, that at the time of and previous to the rendition of the judgment, one of the parties against whom the judgment was rendered, to-wit: J. D. Dennis, was dead; that the execution was issued against all of the defendants in the cause, including said Dennis, who had for a long time been dead, and that, by virtue of the execution, the sheriff had levied on the property of said Dennis, and was about to sell the same; and that the judgment and execution, the one being rendered, and the other having been issued against a man who was dead at the time, were void. The defendants filed affidavits with the motion in support thereof.

It is not disputed that Dennis was dead at the time the judgment was rendered, and that his property was levied on by the sheriff, and advertised for sale.

After this motion had been filed by the defendants, and before it was disposed of, the plaintiff filed a motion asking the court to correct the judgment rendered in the case at the previous term. The plaintiff in his motion represented to

the court, that Joseph D. Dennis was one of the sureties for defendant, Coombs, on the appeal bond, executed and filed before the justice of the peace; that after the appeal was perfected, and before the judgment was rendered in the Circuit Court, said Dennis departed this life; that the case was tried in the Circuit Court at the June term thereof, for the year 1873, and judgment rendered against defendant, Coombs, and the sureties on the appeal bond, including said Dennis; that at the term when the judgment was rendered, the clerk of the court was notified of the death of said Dennis, and directed to render no judgment against him; that the court did not find against said Dennis, nor did the court render judgment against him, or authorize the clerk to insert his name in the judgment. The court was therefore asked to strike the name of said Dennis from the judgment, and that the same may be made to conform to the judgment rendered by the court.

The court sustained the motion to correct the judgment, and had an order made of record, correcting the judgment in conformity to the facts set forth in the motion. To this action of the court the defendants at the time excepted.

After the plaintiff's motion to correct the judgment had been sustained, the motion made by defendants to set aside the judgment and quash the execution, was taken up and considered. The court overruled the motion, so far as it asked the court to set aside and vacate the judgment; but sustained the same as to the quashing of the execution, and made an order directing the execution to be quashed, etc.

To the action of the court in refusing to vacate the judgment, the defendants again excepted, and after an unsuccessful motion for a re-hearing they appealed to this court.

The only question presented for the consideration of this court, is as to the propriety of the action of the court, in entertaining the motion filed by the plaintiff to correct the judgment, and in sustaining the same at a term of the court next after the term at which the judgment was rendered. If the court had the power to correct the judgment at the term

after the one at which it was rendered, it can make no difference in the case as it now stands, whether the judgment, as originally rendered, was void or only voidable.

The rule is well settled in this State, as well as elsewhere, that where a clerk fails to enter a judgment, or enters up a wrong judgment, the court has the power to correct the error or omission, by having the proper judgment entered up by the clerk at any time. Courts always at a subsequent term correct mere forms in its judgments, or correct any mere clerical error of its clerk, so as to conform the record to the truth. (Gibson vs. Chouteau's Heirs, 45 Mo., 171 ; Benoist vs. Christy, 50 Mo., 145 ; Horstkotte vs. Menier, 50 Mo., 158.) But in cases where *nunc pro tunc* entries are made, the record should in some way show, either from the judge's minutes or otherwise, the facts which would authorize the entry. In the present case the court, upon the hearing of the motion, finds the facts to be, that no judgment was ever ordered against Dennis, and that the clerk of the court had inserted his name in the judgment by mistake and without authority.

The evidence upon which this finding was made and the judgment corrected, does not appear in the record of the case, and we are asked to assume that the finding of the court and the order made, correcting the judgment, were made upon insufficient evidence.

We think that the presumption should be (in the absence of any facts shown to the contrary) in favor of the action of the court. We cannot assume that the court acted without sufficient or proper evidence, and must therefore presume that enough appeared on the judge's minutes, or otherwise on the record, to justify or authorize the judgment or order rendered or made by the court.

The judgment will be affirmed; the other judges concur.