FETTERS, *Appellant*, v. BAIRD.

**Nunc pro tunc Entries.** In the absence of anything to show that an order or judgment as made by the court was different from that actually entered, no correction can be made in the latter by a *nunc pro tunc* entry at a subsequent term. A mere erroneous judgment cannot be thus corrected.

Fetters v. Baird.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Higbee & Shelton* for appellant.

*Hughes & Raley* for respondent.

HENRY, J.—Elizabeth Fetters is the widow of the intestate Michael Fetters, who died in December, 1874. On March 5th, 1875, the widow filed her petition in the probate court of Schuyler county, stating that she had not received the $400 worth of property allowed her, as the widow, by section 35 Wagner's Statutes, page 88; that the defendant, his administrator, had sold all the personal property of the estate for $1,500, as appeared by his sale bill and inventory; and asked for an order upon the administrator to pay her $400 in lieu of the property. March 27th, 1875, said petition was heard, and the court made an order of record that the administrator pay to the widow $361.25, it being agreed that she had previously received $36.75. May 14th, 1877, two years after said order was made, the administrator filed his motion in the probate court, alleging that the order of March, 1875, was erroneous, irregular and unauthorized by the facts and the law of the case, and prayed the court to correct the same, now for then, so as to conform to the real truth of the case. The court sustained his motion, and an order *nunc pro tunc* was entered as follows, in substance: It appearing that the property mentioned in section 35, Wagner's Statutes, page 88, was not received by the widow, but was sold by the administrator, and it also appearing that said widow has received under said section $36.65, it is, therefore, ordered that said administrator pay to the widow the proceeds of the property mentioned in said section, not to exceed $363.65, *provided there be that amount; if not, then whatever he may have*

*of the money mentioned in said section.* The italicized portion of the order indicates the difference between the order made March, 1875, and the order of 1877.

It is not pretended that the order made in March, 1875, was not the precise order the court intended to and did make. There is nothing of record to show that any other order than that was made, or intended by the court, and, therefore, there was nothing upon which a *nunc pro tunc* order could be entered. In 1875, it was found by the court, both parties being present, that the administrator had in his hands $400 belonging to the estate applicable to the satisfaction of the widow's claim. The matter was then adjudicated, and if the administrator did not have it, and the court found against him erroneously, he should have taken his appeal, but the court could not correct its erroneous judgment on the petition of the administrator at a subsequent term. The court found in 1875, that he had that amount in his hands, belonging to the estate, applicable to the payment of the widow's demand. In 1877, when it attempted to modify the order made in 1875, it did not find that he did not have that amount in March, 1877, but made an order that would excuse him from paying the amount to the widow, although he may have had it in 1875 when the order was made, even if in the meantime he had squandered or lost it by any mismanagement whatever. The probate court erred in making the order in 1877. Whatever error or mistake may have occurred in making the order of 1875, it was not in the power of the court to correct it by the order *nunc pro tunc* in 1877. It may work a hardship on the administrator, but he will have to pay the money under the order of March, 1875, and the judgment is reversed and the cause remanded, to be proceeded with as herein indicated. All concur.