Reynolds v. Adams.

---

JANE H. W. REYNOLDS ET AL., APPELLANTS, v. JULIA A. ADAMS ET AL., APPELLEES.

FILED NOVEMBER 28, 1911. No. 16,557.

1. Judgment: NUNC PRO TUNC ENTRY. Where it is clear that a judgment was rendered or an order made by the district court in an action then pending, but through the inadvertence or carelessness of the clerk the judgment or order was not entered on its journals, the court may subsequently upon motion, after notice to all persons affected thereby, cause the entry to be made *nunc pro tunc.*

2. ———: ———: NOTICE. In such proceedings it is not necessary to notify persons impleaded as defendants, but dismissed from the action before the judgment was rendered or order made.

3. ———: ———: PROCEDURE. If the person injuriously affected by the fault of the clerk departs this life, his legal representatives may maintain the proceeding in their names to supply the record.

4. ———: ———: NOTICE. If the person benefited by the incomplete condition of the record departs this life without conveying or assigning his interest in the subject matter of the litigation, notice may be served on his legal representatives, and, on satisfactory proof, the record corrected.

APPEAL from the district court for Frontier county: ROBERT C. ORR, JUDGE. *Reversed.*

*H. W. Keyes* and *J. L. McPheely,* for appellants.

*W. S. Morlan* and *J. L. White, contra.*

ROOT, J.

This is a proceeding for *nunc pro tunc* entries in an action formerly pending in the district court for Frontier county. The motion was denied, and the aggrieved parties appeal.

The district court refused to receive any of the evidence offered. Most of this evidence is documentary, and appears in the bill of exceptions. All of the objections made in the district court by appellees' counsel are, for practical purposes, identical and amount to this: All of the parties to the action were not notified of the application, the proceeding is barred by the statute of limitations, and the notice did not give warning that oral evidence would be produced. In this court the argument is confined to the alleged failure to notify all parties to the action and a contention that strangers to the record are not entitled to the relief demanded.

The entries requested are of an alleged decree foreclosing a real estate mortgage and an order confirming a sale by the authority of that decree. The applicants are Jane H. W. Reynolds, Estate of J. E. Seeley, deceased, and Paul S. Seeley. They allege that the action was commenced by Jane H. W. Reynolds against John Black, Mary E. Black, Harrison W. Adams, and J. E. Seeley; that Black owned the real estate in 1887, and during that year, after executing a mortgage thereon to

Jane H. W. Reynolds, conveyed the land to one Herrin, who subsequently conveyed it to Harrison W. Adams; that the defendants Adams and Seeley were personally served with summons in the foreclosure suit, which was subsequently dismissed as to the defendants Black, and thereupon a judgment of foreclosure was rendered, by virtue whereof the sheriff advertised and sold the land to Jane H. W. Reynolds; that the sale thereafter was duly confirmed and a deed by order of the court made to the purchaser; that, owing to the inadvertence or carelessness of the clerk of the district court, the decree and the order were not spread upon its journals; that the purchaser, in 1896, sold and conveyed the land to J. E. Seeley, who, in 1902, departed this life testate, devising all of his property to the applicant Paul S. Seeley, and that in 1898 Harrison W. Adams died intestate, leaving a widow, Julia A. Adams, and two adult sons, James W. Adams and Jasper H. Adams, as his sole heirs at law. A copy of the motion, which recites all of these facts, was served on each of the heirs and on the widow of the deceased Adams. No pleadings seem to have been filed in opposition to this motion, but the bill of exceptions recites that the counsel resisting the motion appeared for Harrison W. Adams (deceased), James W. Adams and Jasper H. Adams. We shall consider the record on the theory that Mrs. Reynolds and Paul S. Seeley are the sole applicants.

The law is well settled that the district court has the inherent power upon sufficient showing to enter upon its journal an order or judgment as of a prior date, if that order or judgment was made or rendered on that earlier date, but through the negligence or inadvertence of the clerk was not entered on the journal. *Garrison v People,* 6 Neb. 274; *Phelps v. Wolff,* 74 Neb. 44.

This proposition is not seriously controverted, but counsel for the Adamses say that the district court could not make that order unless all of the parties to the action were before it, and that the Blacks and J. E. Seeley have

not been notified of the filing of this motion. The Blacks are not parties to the judgment because the action was dismissed as to them before the decree was rendered. Mr. Seeley is no longer in life, and Paul S. Seeley has succeeded to his title to this property. Harrison W. Adams, the owner of the equity of redemption at the time the decree is alleged to have been rendered and the order of confirmation made, also subsequently departed this life, but his sole heirs at law have been notified of this application.

Proof was also offered that the estate of Mr. Adams had been administered and his estate distributed among his heirs. Documentary evidence was offered showing a connected chain of title from the United States to Harrison W. Adams. The deed duly executed by Mrs. Reynolds conveying this land to J. E. Seeley was offered in evidence. So that, if the evidence excluded had been received, the proof unexplained would establish that but four persons had any interest in this land—Mrs. Julia A. Adams, doweress by virtue of her husband's seizin and death, and the failure to make her a party to the foreclosure action; James W. Adams and Jasper H. Adams, as sole heirs of Harrison W. Adams, deceased; and Paul S. Seeley, as the sole devisee in the will of J. E. Seeley, deceased. The appellants concede Mrs. Adams a dower interest in the land. So far as the Blacks are concerned, they cannot be affected by the entries requested, and it was not necessary to notify them of this application. *Turner v. Christy*, 50 Mo. 145. If the action were pending for any purpose, James W. Adams and Jasper H. Adams represent their ancestor. *Urlau v. Ruhe*, 63 Neb. 883.

The evidence offered should have been received, and, if the allegations in the motion are proved, the court journals should be made to speak the truth.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.