RUSSELL E. BURTON, Appellant, v. BENJAMIN N. BURTON et al.

Division Two, June 23, 1921.

1. **JUDGMENT: Correction.** The power of a court. at a subsequent term to correct or amend its judgment is limited to cases in which there has been an omission to enter such a judgment as the court actually rendered.

2. ———: ———: **Nunc Pro Tunc Entry.** Where the court has omitted to make an order or judgment which it might or ought. to have made, a correction at a subsequent term, by *nunc pro tunc* entry, must be based on the judge's minutes, the clerk's entries or some papers on file in the case, and not upon the judge's recollection of what took place at the trial or upon outside evidence.

3. ———: ———: ———: **Will and Codicil.** Where the probate court had admitted a will to probate but rejected a codicil, and upon a contest in the circuit court a decree was rendered sustaining the will, but making no reference to the codicil, a judgment *nunc pro tunc* amending the decree to embrace the codicil cannot be rendered at a subsequent term, the attestation of the codicil not being tried in the will contest, and there being nothing in the judge's minutes, the clerk's entries or the files in the case to indicate any other decree was rendered or that the clerk failed to enter up the right judgment.

Appeal from Howard Circuit Court.—*Hon. Charles T. Hays,* Special Judge.

Affirmed.

*Paul P. Prosser, A. H. Waller* and *M. J. Lilly* for appellant.

(1) The policy of entering judgments and decrees *nunc pro tunc* is agreeable to the maxim, *Actus curiae neminem gravabit;* an act of the court shall prejudice no one. Freeman on Judgments (4 Ed.) sec. 56; Broom's Legal Maxims (7 Ed.), pp. 97-98. (2) "The office of a *nunc pro tunc* entry is to supply an omission in the record of actions really had but omitted through inadvertence or mistake." State ex rel. v. Bird, 108 Mo. App. 168. (3) The rendition of a judgment is a judicial act; its entry upon the record is a mere ministerial act, evidencing the judicial act, but not essential to its validity, and giving to the judgment no additional force or efficacy. Fountaine v. Hudson, 93 Mo. 70; Kansas City Pump Co. v. Jones, 126 Mo. App. 540; Kriesel v. Snavely, 135 Mo. App. 158. (4) "And where the clerk, either by design or mistake, failed to record the judgment actually rendered, the court may alter the memorial of the judgment to make it express the sentence pronounced, provided the record entries furnish the evidence to support the correction." Kriesel v. Snavely, 135 Mo. App. 158; Robertson v. Neal, 60 Mo.

580; Henry County v. Salmon, 201 Mo. 151; Gibson v. Chouteau's Heirs, 45 Mo. 172; Farris v. Burchard, 262 Mo. 342; Loring v. Groomer, 110 Mo. 639; Martin v. Brown, 162 Mo. App. 228. (5) A minute in the judge's docket may, of itself. afford a sufficient basis on which to make such an entry. Fletcher v. Coombs, 58 Mo. 434; Robertson v. Neal, 60 Mo. 580; Henry County v. Salmon, 201 Mo. 151; Railroad v. Mockbee, 63 Mo. 350; Stimson v. Mining Co., 264 Mo. 190, 204; Farley Bros. v. Cammann, 43 Mo. App. 173; Pub. Co. v. Allen, 134 Mo. App. 232; State ex rel. v. Goodrich, 159 Mo. App. 425. (6) In the instant case, the minute entered by the court in the judge's docket was not any mere informal memorandum of the court's action. It was the actual verdict of the court sitting as a jury, entered by the judge thereof in his own handwriting, and was, of itself, under the pleadings, sufficient to establish the entire will without any formal entry of judgment. Secs. 4622 and 4623, R. S. 1899; Gordon v. Burris, 141 Mo. 610. (7) "It is not necessary that the records of the court should show, in order to enable it to direct a judgment *nunc pro tunc,* in express terms that such judgment had been rendered. If the facts shown by the records are such as' to really and fairly carry conviction that the judgment was in fact rendered, that is sufficient. Witten v. Robinson, 31 Mo. App. 534; Williams v. Walton, 84 Mo. App. 441; Dawson v. Waldheim, 89 Mo. App. 250; Sperling v. Stubblefield, 105 Mo. App. 494; State v. Bush, 136 Mo. App. 613; Railroad v. Mockbee, 63 Mo. 350; Henry County v. Salmon, 201 Mo. 151; 1 Freeman on Judgments (4 Ed.), sec. 61, p. 80. (8) The will and the codicil were but one instrument, constituting together the last will and testament of Benjamin E. Nance. Sec. 4647, R. S. 1899; Wells v. Fuchs, 226 Mo. 104; Kelley's Probate Guide (4 Ed.), sec. 4, p. 3; 1 Underhill on Law of Wills, pp. 11, 12; 3 Alexander's Commentaries on Wills, sec. 1311, p. 2018; Page on Wills, sec. 314. (9) "A properly

executed codicil which is attached to a will, or which refers to it specifically, as by its date and contents, acts as a republication of the will as of the date of the codicil.'' · Page on Wills, sec. 307; Harvey v. Chouteau, 14 Mo. 587; Kelley's Probate Guide (4 Ed.), sec. 61, p. 53. ˙(10)  The institution of the suit to contest the will, automatically divested the probate court of its jurisdiction in the premises, and its subsequent order in rejecting the codicil was a nullity.  This has always been the law in Missouri.  Dickey v. Malechi, 6 Mo. 182; Harris v. Hays, 53 Mo. 94; Lamb v. Helm, 56 Mo. 432; State ex rel. v. Guinotte, 156 Mo. 519; Hogan v. Hinchey, 195 Mo. 533; State ex rel. v. Imel, 243 Mo. 186.

*John Cosgrove* and *R. M. Bagby* for respondents.

(1)  Concerning the authority of a circuit court to correct· its record by *nunc pro tunc* entries the rule seems to be that, in order to justify the court in so doing, the record must in some way show, either from the judge's minutes,· the clerk's entries, or some paper in the cause, the facts authorizing such entries.  No such entries can be made from the memory of the judge, nor on parol proof derived from other sources.  Ross v. Railroad, 141 Mo. 395; State v. Libby, 203 Mo. 598. (2)  An entry *nunc pro tunc* may be entered when there is record evidence in the cause clearly showing that the judgment entered by the clerk was not the judgment pronounced by the court.  But where the court has omitted to make an order, which it might or ought to have made, it cannot, at a subsequent term, be made *nunc pro tunc*. And if the court renders a judgment which it intended to render, it has no authority at a subsequent term to change such judgment by rendering one that was not in fact rendered, even though it may subsequently be discovered that some error of law was committed in the rendition of such original judgment.  Gibson v. Chouteau's Heirs, 45 Mo. 173; Board v. Drummond, 167 Mo.

54; Becher v. Deuser, 169 Mo. 159; Wooldridge v. Quinn, 70 Mo. 370; Davidson v. Davidson, 207 Mo. 708. (3) The will and the codicil were two different instruments. The witnesses to the will were not the witnesses to the codicil, and, therefore, two instruments had to be probated or rejected. The entry made by the judge in the circuit court who tried the contest case makes no reference to the codicil and refers to the will, only. The witnesses to the alleged codicil, were not summoned, nor did they testify in the will contest case in the circuit court. · The codicil was not adjudicated at all. There was no evidence on which any adjudication was or could have been placed upon it. There is absolutely nothing in the papers or the records of the circuit court to show that the codicil was ever brought before it. Without such showing no *nunc pro tunc* entry could have been made. Railway Co. v. Holschag, 144 Mo. 253; State ex rel. v. Ellison, 210 S. W. 403. (4) The action of the judge and *ex-officio* clerk of the Probate Court of Howard County in admitting the will and codicil of Benjamin E. Nance to probate on the 3rd day of June, 1902, did not establish either the will or the codicil, and such act was not proof of either of said instruments until ratified by the court in term time. R. S. 1919, sec. 517; Smith v. Estes, 72 Mo. 312; Tarris v. Burchard, 242 Mo. 8.

WALKER, J.—This is a companion case to State ex rel. Burton v. Bagby, *ante* page 482, decided at this term, and should be read in connection with same.

That suit was by mandamus to compel the probate Court of Howard County to probate or reject a codicil to the will of one Benjamin E. Nance. The Circuit Court of Howard County dismissed the relator's petition in that proceeding, thereby refusing to grant the peremptory writ and, upon appeal, we affirmed its judgment.

In the instant case, Russel E. Burton, the relator in the mandamus proceeding, brought suit against the other

legatees of the will of said Nance to have the Circuit
Court of Howard County, by a *nunc pro tunc* entry of
record, amend a judgment rendered in a suit to contest
the will of said Nance, which had been brought and deter-
mined in the Circuit Court of Howard County and had
resulted in a decree sustaining the will. The purpose of
the instant suit is to amend the judgment in the will
contest case, that the same may show that the paper
writing found in said proceeding to constitute the will
included not only the will itself as set forth at length in
the decree in that suit, but embraced as well the codicil
which it was prayed should also be set forth in the decree.
The respondents, for their answer to said petition, admit-
ted that the will and codicil were both admitted to pro-
bate by the judge and *ex-officio* clerk of the Probate
Court of Howard County in vacation, but that afterwards
said court in term time confirmed the action of the court
in vacation, under Section 517, Revised Statutes 1919, as
to the probating of the will, but rejected the same as to the
probating of the codicil. After setting forth the order of
the probate court in that behalf, it is alleged that the de-
cree of the circuit court does not contain any reference to
the codicil, but states that said decree is regular and that
the allegations therein, as to its regularity and the pro-
priety of its findings are, in every respect, correct; and the
authority of the court to make the proposed amendment
is denied on account of the alleged lack of evidence of any
clerical error or other mistake or irregularity on the part
of the court; that the circuit court at the time had juris-
diction of the subject-matter and the persons, and that the
same is final. The reply sets up the order of the probate
court rejecting the codicil and pleads the filing of the
will contest which it is alleged consisted of the original
will and codicil thereto annexed, and that in consequence
thereof the jurisdiction of the subject-matter, namely
the will, was divested out of the probate court and vested
in the circuit court, and that the order of the probate
court rejecting the codicil was void; that the testimony

of the witness that he did not attest the codicil in the presence of the testator was false and was procured through fraudulent means; that in fact, he did subscribe to said codicil in the presence of the testator and of others.

After the hearing of testimony, documentary and otherwise, and the disposition of dilatory pleas, not necessary to be particularly referred to here, the court found from the minutes, files, court records and other proper evidence that the decree rendered in the will contest correctly sets forth, in its entirety, the findings and the judgment rendered by the circuit court in the will contest and plaintiff's petition was dismissed. From this ruling and judgment he appeals.

I. There was no evidence of misrepresentation or fraud in the rendition or entry of the judgment herein; it conformed to the pleadings, and emphasis was lent to its formal correctness by the incorporation therein of the will and the omission therefrom of the codicil. Plaintiff, therefore, under the allegations of his petition must be limited in his application for the correction of the error as to mistake or, as archaically expressed, misprision.

Correcting Judgment.

While a court has power at a subsequent term to correct or amend its judgment, this power is limited to cases where there has been an omission to enter such a judgment as the court actually rendered. The correction thus made may result in an amendment of the judgment as entered by the clerk, but after all it amounts to nothing more than the correction of a clerical error or omission and the consequent entry of the judgment as really rendered. This power has been recognized from the earliest times and frequent instances of the exercise of same are found in our reports. [Hanly v. Dewes, 1 Mo. 16; Hickman v. Barnes, 1 Mo. 156; Mullanphy v. Phillipson, 1 Mo. 188; Hyde v. Curling, 10 Mo. l. c. 363; Harrison v. State, 10 Mo. l. c. 689; State v. Clark, 18 Mo. 432; Stacker v. Cooper Circuit Court, 25 Mo. 401; Robertson v. Neal, 60 Mo. 579; Davison v.

Davison, 207 Mo. 702.]  Such amendments as are here authorized, are within the purview of the statute, Sec. 1277, Revised Statutes 1919.

Wherever, therefore, the clerk has failed to enter up a judgment or enters up a wrong judgment and the order is sought simply that the proper entry may be made the power may be exercised; but, when the court has omitted to make an order which it might or ought to have made, it cannot be made at a subsequent term by a *nunc pro tunc* entry.  [Gibson v. Chouteau's Heirs, 45 Mo. 171; Turner v. Christy, 50 Mo. 145; Priest v. McMaster, 52 Mo. 60; Dunn v. Raley, 58 Mo. 134; Fletcher v. Coombs, 58 Mo. 430; State ex rel. Graves v. Primm, 61 Mo. 170; Wooldridge v. Quinn, 70 Mo. l. c. 371; Belkin v. Rhodes, 76 Mo. l. c. 651; Ross v. Railroad, 141 Mo. l. c. 395.]

In the exercise of this power the action of the court must be based on the judge's minutes, the clerk's entries or some papers on file in the case, and not upon the judge's recollection of what took place at the trial or upon outside evidence.  [Saxton v. Smith, 50 Mo. 490; Priest v. McMaster, 52 Mo. 60; State v. Jeffors, 64 Mo. 376; Fetters v. Baird, 72 Mo. 389; Belkin v. Rhodes, 76 Mo. 643; Mo. Ry. Co. v. Holschlag, 144 Mo. 253; Young v. Young, 165 Mo. 624; Williams v. Sands, 187 S. W. 1188; In re Fulsome's Est., 193 S. W. l. c. 620; State ex rel. Aiken v. Buckner, 203 S. W. 242.]

This record nowhere discloses any omission from the judge's minutes, the clerk's entries or any paper filed in the case which would authorize the *nunc pro tunc* entry prayed for by the plaintiff; nor, in fact, does the evidence *aliunde* afford any proof of such error.  It is sufficient, however, for the determination of this case that there is an absence of error in the minutes, files or record entries, and the action of the circuit court in overruling plaintiff's application is sustained, which results in an affirmance of the judgment.  All concur.