## THE STATE ex rel. RUSSEL E. BURTON, Appellant, v. DAVID BAGBY, Probate Judge.

### Division Two, June 23, 1921.

1. **JUDGMENT: Conclusiveness: Attack by Mandamus: Will and Codicil.** Where the probate court admitted a will to probate, but rejected a codicil attached thereto on the ground that it had not been legally attested, and in a suit to contest the will in the circuit court the codicil was not copied into the petition, offered in evidence or referred to in the judgment sustaining the will, a subsequent suit by mandamus cannot be maintained in the circuit court by a devisee named in the codicil to compel the probate court to probate or reject the codicil, since the recitals of the judgment sustaining the will are conclusive.

2. ———: ———: ———: **Jurisdiction: Collateral Attack.** If the right of a devisee named in the codicil to have the codicil probated by the probate court which had rejected it was not an issue in the suit brought in the circuit court by a contestant of the will, wherein the will was sustained and the decree made no mention of the codicil, that question was not removed from the jurisdiction of the probate court, and its judgment rejecting it cannot be assailed by mandamus brought by the said devisee to compel the probate court to probate or reject it. If jurisdiction of the probate court over the rejected codicil was removed by the suit to contest the will, that court has no more jurisdiction

now than it had after the suit to contest the will had been begun in the circuit court. But whether or not the jurisdiction over the codicil was removed by the contest suit, the judgment of the probate court rejecting the codicil from probate, being regular on its face, imports verity until set aside by contest or a direct proceeding, but cannot be set aside by a mandamus suit to compel the probate court to probate or reject the codicil.

Appeal from Howard Circuit Court.—*Hon. Samuel Davis*, Special Judge.

AFFIRMED.

*A. H. Waller* and *Paul P. Prosser* for appellant.

(1) Relator was entitled to prove the facts averred in his petition and set forth in the alternative writ to which respondent made return. (2) Plaintiff's petition stated a cause of action, and respondent's return to the alternative writ admitted every material fact averred in said petition and alternative writ, hence the court erred in dismissing said petition. (3) It positively appears from the face of the record that the codicil to the will has not been legally rejected by the probate or circuit court. (4) The order and judgment of the probate court rejecting said codicil, made on the 15th day of July, 1902, is a nullity, because the jurisdiction of the subject-matter, the will and codicil, had been divested out of said probate court, and transferred to the circuit court by virtue of the contest of said will and codicil begun· five weeks prior thereto. State ex rel. v. Guinotte, 156 Mo. 519; State ex rel v. Imel, 243 Mo. 186.

*John Cosgrove* and *R. M. Bagby* for respondent.

(1) The respondent was judge of the Probate Court of Howard County and would have to have acted judicially to have made the order required of him by the alternative writ. A judicial officer cannot be com-

pelled to render a particular judgment. He cannot be coerced to render a particular judgment or to rectify an erroneous one. State ex rel. Hyatt v. Smith, 105 Mo. 6; State ex rel. Flick v. Reddish, 148 App. 715; Stowe v. Stowe, 140 Mo. 594; Stephens v. Larwill, 110 Mo. App. 159. A will cannot be probated again after the court has acted upon the application to probate. 40 Cyc. 1234. (2) Mandamus will not lie where the plaintiff has another remedy. Jamison v. Lenore, 126 Mo. 413; State ex rel. Bartly v. Filcher, 39 Mo. 388; State ex rel. v. Nerry, 105 Mo. App. 462. (3) If suspension of the jurisdiction of the probate court affords ground for mandamus, mandamus would not lie in this case for the reason that the application for the writ of mandamus did not set out the petition in the will contest case, and the contest judgment which appellant made a part of his application for the writ shows on its face that the codicil was not in the contest petition nor produced to the court in the contest. Suspension of the jurisdiction of the probate court over that instrument cannot be shown by ignoring the contest petition where the contest judgment does not mention that instrument. Benoist v. Murrin, 48 Mo. 54. There being no contest as to the codicil, the probate court acted within its jurisdiction in rejecting the codicil. Under the pleadings and evidence, appellant was not entitled to the writ of mandamus and the trial court did not err in refusing to make said writ permanent. State ex rel. v. Neville, 110 Mo. 345; State ex rel. v. Albin, 44 Mo. 346.

WALKER, J.—This is an appeal from a judgment of the Circuit Court of Howard County, dismissing a proceeding by mandamus which had been instituted in that court against the probate court of that county to compel it to probate or to reject the codicil of a will.

One Benjamin E. Nance died testate in Howard County, in May, 1902. The relator, appellant here, was named as one of the legatees in the will and as a devisee

in the alleged codicil. At the time, he was an infant of tender years, but attained his majority in August, 1918.

On June 3d, 1902, the will of the testator and the codicil were presented in vacation to the judge and *ex-officio* clerk of the Probate Court of Howard County for probate, and the following entry of record was made in regard thereto: "I, J. T. Smith, judge and *ex-officio* clerk of probate within and for the county of Howard and State of Missouri, having examined the foregoing instrument of writing· purporting to be the last will and testament of Benjamin E. Nance, deceased, late of Howard County, Missouri, and having heard the testimony of C. I. Smith, Harry G. Herndon, Wallace Estill, Jr., and W. J. Boggs, subscribing witnesses to said will, and the testimony of J. H. Herndon and J. F. Chancellor, subscribing witnesses to the codicil to said will, do declare said two instruments of writing to be the will of said Benjamin E. Nance, deceased, late of Howard County, Missouri."

On June 9th, 1902, a daughter of the testator brought a suit in the Circuit Court of Howard County to test the validity of the will and to have same probated or rejected. At the Novmber term, 1902, of said court, the issues were made up and the cause submitted to the court for determination. The court found in favor of the proponents of the will and incorporated a copy of the same without the codicil in its decree, in which it was declared that said will as copied and set forth therein was the will of the testator. A copy of this decree was ordered certified to the Probate Court of Howard County.

While said suit was pending in the Circuit Court of Howard County, the following order was, on the 15th day of July, 1902, entered of record in term time, by said probate court:

"The court approves the probate of the will of said deceased on the testimony of C. I. Smith, Harry G. Herndon, Wallace Estill, Jr., and William J. Boggs,

subscribing witnesses indorsed thereon, and declares said will established as the last will and testament of said Benjamin E. Nance, deceased, late of Howard County, Missouri, but rejects the codicil of said will by reason of the fact that John H. Herndon, one of the subscribing witnesses, did not attest said will as a witness in the presence of the testator, nor in the presence of the other subscribing witness.''

In May, 1919, Russel E. Burton, the relator herein, who had attained his majority, filed a petition in the Howard County Probate Court, in term time, asking that testimony be heard to authorize the probating of the codicil of the will; after hearing the testimony of the subscribing witnesses and others, the court dismissed the petition. A motion to set aside the order of dismissal was made and overruled. The action at bar was thereupon, on July 25th, 1919, brought in the Circuit Court of Howard County to compel the probate court to either probate or reject the codicil. The probate judge filed a return thereto, setting up the probating of the will and codicil by the judge and *ex-officio* clerk of said probate court in vacation, and the subsequent order of said court rejecting said codicil, and for further return stated that the codicil was not taken out of the jurisdiction of the probate court by the contest proceedings in the circuit court; that the codicil was not copied in the contest petition, nor produced in court at the hearing of the cause; and that the recitals of the judgment rendered therein are conclusive in law against everything except a new trial or an appeal; and further pleading alternatively, stated that if the codicil was not removed from the jurisdiction of the probate court by the contest proceeding the judgment rejecting the codicil could not be questioned in this action; and if the codicil was removed by the contest proceeding the probate court has no more jurisdiction now than in 1902, and that the judgment rendered by the latter court in

July, 1902, imports verity until set aside by a direct proceeding. After alleging the lack of authority to probate a codicil separate and apart from the will, it is further stated in the return that the circuit court has no power to compel the probate court to vacate and annul its judgment dismissing plaintiff's petition, because that judgment has already been rendered; and that mandamus does not lie to vacate a judgment already entered, but only to compel the inferior court to render a judgment when under a clear legal duty it refuses so to do.

In October, 1919, the cause coming on for hearing in the circuit court, the respondent probate judge objected to the admission of any testimony, which objection was sustained and the court dismissed the relator Burton's petition, or in effect denied the peremptory writ prayed for. After a formal finding of the facts the court, in dismissing the petition, entered of record the following order:

"Wherefore, the court doth find that if both the said will and the said codicil were contested in the Circuit Court of Howard County in the proceeding brought in said court as aforesaid, the judgment and mandate of said circuit court on file in this court are by statute final, and this court has no jurisdiction to entertain relator's petition; that if the said codicil was not contested but only the will, the judgment of this court in term, on file, rejecting the codicil, was both regular and binding, and this court has no jurisdiction to reopen the case. One or the other alternative is necessarily true. Hence the petition is dismissed."

I. Under the facts as set forth in this record, it is not deemed necessary to discuss the somewhat technical questions interposed by the respondent in opposition to the issuance of the writ herein, viz.: as to whether this proceeding seeks to require the probate court to enter a particular judgment; or if it is sought to have the court set aside a judicial act; or if the re-

lator has another remedy that he should have resorted to. In our opinion the matter at issue is clearly defined and conclusively determined in the judgment of the circuit court dismissing the relator's petition and thus denying the peremptory writ. That judgment, it appears, is sustained by the record; the authenticity of which does not admit of question. The reasons in support of the judgment flowing from those facts, are so elementary in their character that their statement, without more, demonstrates their correctness. They are as follows:

The codicil so far as the record discloses was not made an issue in the suit to contest the will. It was not copied into the petition in that suit; offered in evidence or referred to in the judgment. The recitals of the judgment are conclusive. If, therefore, the question as to the right of the relator to probate the codicil was not an issue in that suit it was not removed from the jurisdiction of the probate court and the judgment of the latter rejecting it from probate cannot be assailed in this action. If jurisdiction over the codicil by the probate court was removed by the suit to contest the will, that court has no more jurisdiction now than it had after the commencement of the will contest in the circuit court, and the writ if made peremptory in this proceeding would be futile. But, whether the jurisdiction over the codicil was removed or not, the judgment of the probate court in July, 1902, rejecting the codicil from probate, being regular on its face, imports verity until set aside by contest or direct proceedings, but not in the manner here sought to be invoked. Either of these reasons are sufficiently cogent to sustain the action of the circuit court in dismissing the relator's petition and denying the peremptory writ, and its judgment in that behalf is, therefore, affirmed. All concur.