MATHIASON, Appellant, v. ST. LOUIS et al.

### Division Two, May 8, 1900.

**Injunction:** CROSS-BILL: GERMANE MATTERS. Where plaintiff brings suit against a city and its officers to enjoin them from tearing up and obstructing or interfering with a drain pipe which he has without permission from the city laid under the street, for the purpose of carrying off polluted water from his bone-meal and fertilizer factory, the defendant can not, by cross-bill, have said factory declared a nuisance and have it abated and plaintiff forever enjoined from using said property for such purposes. Such relief is not germane to the same matters which form the basis of the original bill; such pleading is not a cross-bill, but an original action.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. D. Johnson* for appellant.

(1) The trial court erred in overruling appellant's demurrer to the cross-bill, and in rendering the decree in question thereon. The subject matter of appellant's petition is the drain pipe in question and his right to be protected in its use, while the cross-bill of the city is based upon an alleged public nuisance created and maintained on appellant's premises, and seeks to protect the public against injuries occasioned by the same. Under the circumstances, the latter can not be made the basis of a cross-bill. For a cross-bill is a mere auxiliary suit, a dependency of the original; it may be brought by a defendant against a plaintiff in the same suit or against other defendants, but it must be touching matters in question in the original bill or petition. Cross v. De Valle, 1 Wall 14; Ayres v. Carver, 17 How. 595; Kemp v. Mitchell, 36 Ind. 256; Kidder v. Barr, 35 N. H. 251; Boland v. Ross, 120

Mo. 208; 2 Daniell's Ch. Pl. (5 Ed.), 1548; Story Eq. Pl., sec. 389.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondents.

The cross-bill was germane to and within the general scope of the matters embraced in plaintiff's petition, and the court below therefore did not err in permitting the same to be filed. Real Est. Sav. Inst. v. Collonious, 63 Mo. 290; Cheek v. Aurora, 92 Ind. 107; Corby v. Bean, 44 Mo. 381; Foster's First Book of Practice, p. 344.

BURGESS, J.—This is a proceeding by injunction by which it is sought to enjoin and restrain the defendant city, Richard R. Southard, its sewer commissioner, and Charles W. Francis, its acting health officer, from interfering with a certain iron drain pipe laid by plaintiff from a bone-meal and fertilizer factory of which he is the owner, situated upon the east side of Second street between Adelaide and Withers avenues in the city of St. Louis, under and across Second street, a public highway, to a private sewer across the street from his factory, said private sewer connecting with one of the city's public sewers, and from obstructing or interfering with the drainage from plaintiff's factory premises through said pipe and private sewer into said public sewer.

It appears from the petition that the plaintiff laid the drain pipe in question in the street and connected it with the private sewer, and undertook to discharge the waste water from his factory through said pipe and private sewer without permit from the city authorities.

Defendants, by amended answer, denied each and every allegation in plaintiff's petition. The city of St. Louis then by way of further answer and as a return to the order to show cause, issued in this case, why an injunction should not be issued as prayed for in plaintiff's petition, pleaded the violation

of the city ordinances by plaintiff, in laying and continuing the drainage pipe across the street without its permission, and other matters by way of defense which are unnecessary to state, for the reason that no complaint is made by plaintiff with respect to the ruling of the court in dismissing his bill.

"But further answering and by way of cross-bill herein the city of St. Louis represents and shows unto the court that for many years to-wit, fifteen, prior to the institution of this suit the plaintiff has been conducting the business of a bone-burning, rendering and fertilizing factory at numbers 5310 and 5342 North Second street within the limits of the city of St. Louis, and in close proximity to the residence of all the people of this city and to the waterworks, including the storage basins of the city of St. Louis; that plaintiff has so conducted said establishment as, and that it has been during all that time, and is now, a public nuisance; that plaintiff has permitted foul, noxious and disease-breeding water and waste material to be drained from said establishment in, onto and upon public and private property immediately adjoining said premises, and has permitted obnoxious, noxious and health destroying vapors, fumes, odors and smells to escape from his said establishment so as to injure the health of the inhabitants of the city for many blocks around, and so as to make the enjoyment of their property less agreeable and beneficial to them, and so as to create disease among the people in the vicinity, all to such an extent that many times, heretofore, to-wit, on the sixth day of August, 1891, and on divers and sundry other occasions, to-wit, August 27, 1891; December 17, 1891; March 24, 1892; November 10 and 11, 1892, and July 9, 1891, after due and proper legal services upon the plaintiff, the board of health of the city of St. Louis has cited and caused the plaintiff to appear before them to answer the charge of conducting said business in such a manner as to create and make it a nuisance in the respects aforesaid, and after full hearing before said board said plaintiff's establish-

ment, which was and is owned and operated by plaintiff, was legally and properly adjudged by said board of health of the city of St. Louis, upon notice and trial, as aforesaid, officially and of record, to be a nuisance and detrimental to the public health, and said plaintiff was ordered to abate and discontinue such nuisance; that notwithstanding said order and judgment, plaintiff has during all of such years failed and refused to discontinue or abate the same and has defied the power of the city of St. Louis and of the board of health thereof to abate and remove the same and still does so refuse and defy; that upon said hearing and trial, plaintiff was given full, complete and adequate time, and appeared at the time previously determined upon, of which plaintiff had legal notice to appear before said board and defend against the charges, and did on divers and sundry of said occasions appear before said board and defend against said charges.   Wherefore, this defendant prays an order on such plaintiff, perpetually enjoining and restraining him from further maintaining, operating and using his said property and factories for the purposes aforesaid, and that he be commanded by this court to discontinue his said business at said place and to abate said nuisances, and for such further orders, judgments and decrees in the premises as may be right and proper and as to this honorable court may seem fit."

Plaintiff demurred to defendant's answer and cross-bill for the following grounds of objection, to-wit:

"Now comes the plaintiff and demurs to all that portion of the amended answer beginning with the words 'for further answer and as a return' and ending with the words 'sewers of the city of St. Louis,' and for ground of demurrer states that the same does not state facts sufficient to constitute a defense to plaintiff's cause of action.

"Plaintiff also demurs to all that portion of said amended answer beginning with the words 'Further answering and by way of cross-bill,' and ending with the words 'against said

charges,' and for grounds of demurrer states that said portions do not state facts sufficient to constitute a cause of action against the plaintiff or to entitle defendants to the relief prayed for therein; that the matters stated therein and as stated do not constitute a valid counterclaim against plaintiff, or one that can be set up or maintained in this action."

By agreement of the parties the demurrer was to be taken, held and considered to relate back to and affect the petition the same as if a demurrer thereto had been filed by defendants.

The demurrer was overruled and judgment rendered in favor of defendants dismissing plaintiff's petition, and perpetually enjoining and restraining him and all other persons under him, or by his directions, from conducting the business of bone-burning and rendering and fertilizing at the place stated in the answer and cross-bill, and from permitting foul, noxious and disease-breeding water and waste material to be drained from said establishment in, onto and upon public or private property, immediately adjoining the premises, etc., and against plaintiff for costs. Within due time plaintiff filed his motion in arrest which being overruled, he appeals.

While the rule in equity proceedings permits the filing by one or more defendants, of a cross-bill against the plaintiff in the same suit or against other defendants in the same suit, it is "an auxiliary bill simply," and must be with respect to and germane to the same matters which form the basis for the original bill. [Cross v. De Valle, 1 Wall. 14; Ayres v. Carver, 17 Howard, 591; Kemp v. Mitchell, 36 Ind. 249; Story's Eq. Pl. (10 Ed.), sec. 389; Kidder v. Barr, 35 N. H. 251; Boland v. Ross, 120 Mo. 208.]

The questions therefore is, was the cross-bill germane to and within the general scope of the matters embraced in plaintiff's petition.

The subject-matter of the petition is the drain pipe, which drains plaintiff's premises and his right to be protected

in its use, while the cross-bill of defendant city is predicated upon an alleged public nuisance created and maintained by plaintiff upon his said premises for which the drain pipe furnishes a means of drainage. So that, as plaintiff makes no complaint upon this appeal with respect to the action of the court in dismissing his bill, the only question for consideration arises upon defendants' cross-bill.

But for the drain pipe, as shown by the petition, a large amount of soiled waste water flowing from plaintiff's business, could not be disposed of and run or removed from his premises, and if the same were permitted to run and drain on the land adjacent to said factory premises, the same would lie therein and become stagnant, and in a short time create a public nuisance, while the cross-bill alleges that for fifteen years prior to the institution of this suit the plaintiff has been conducting his business in such a manner (as therein specifically set forth) as to create a public nuisance, and asks that it may be abated.

The character of plaintiff's premises was not in any way involved in his bill, therefore we are unable to see how the fact that the premises were a public nuisance if such was the case was germane to the issues presented by the original bill, that is, whether or not defendants were about to break and tear up said drain pipe, laid in and across Second street from plaintiff's premises, or were about to obstruct and interfere with said drainage from plaintiff's factory premises through said pipe. It is not claimed that this pipe caused the unsavory condition of plaintiff's premises, or that it was the cause of a continuation of it. The pipe was laid across the street without authority, and no right to retain it there would have passed by a deed to the property as a part thereof or incident thereto. It could not therefore be considered as being closely allied to, or as having any connection with the creation or maintenance of a nuisance upon premises, which it only served to drain.

Defendant city by its cross-bill attempts to go beyond the allegations in the bill, and introduce new and distinct matter which the law does not permit. "If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter, not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his pleading will not be a cross-bill but an original bill. And no decree can be rendered on such matter." 5 Ency. of Pleading and Practice, 641.

Defendant city contends that the cross-bill is germane to plaintiff's bill and relies upon several authorities to sustain this contention, and among the rest, Corby v. Bean, 44 Mo. 379. This was a suit to correct and reform a mistake in a deed of trust made for the benefit of the plaintiff therein. Defendant answered denying the alleged mistake, and pleaded that the note was usurious. Held, that if plaintiff would bring in the note, the court would proceed to adjust the equities between the parties, and the judgment of the lower court was reversed and the case remanded for that purpose. It is plain that this case is not in point here, because first, there was no cross-bill in the case, and, second, the matters of controversy were the mistake in the note, and whether or not it was usurious.

Real Estate Saving Institution v. Collonious, 63 Mo. 290, is also relied upon by defendant. This case was ejectment for the recovery of a lot in the city of St. Louis. The answer of defendant was a general denial, and an equitable defense which showed that a partition sale on which plaintiff's title would finally depend, had been set aside and the deed made in conformity thereto canceled by the decree of a court of equity; that while the proceedings were pending in that case, plaintiff, with notice of that fact, loaned W. C. Martin, who had purchased at the sale sought to be set aside, a sum of money, and that under the deed of trust, given to secure this

loan, a sale had taken place, and plaintiff had become the purchaser and recipient of a deed during the pendency of the proceedings in equity, and with notice thereof. It was further alleged that the Metropolitan Bank of St. Louis, of which defendant was the tenant, had derived title to the premises in dispute in 1865 through a sale ordered by the court, which had decreed the cancellation of the deed made to Martin. The court held among other things, that when a court of equity once acquires jurisdiction of a cause it should avoid a multiplicity of suits by doing complete justice between the parties. It will be seen that the litigated questions in this suit were with respect to the same property, hence not in point here.

Cheek v. City of Aurora, 92 Ind. 107, is another authority cited by defendant. The chief question decided in this case was that though a city have the power by its own act to remove obstructions from its streets, it may nevertheless by suit prevent them or obtain their removal, which is foreign to the question now under discussion.

Foster's First Book of Practice, p. 344, is another authority relied upon by defendant city, but it simply holds that a cross-bill may be filed when germane to the bill, and is in harmony rather than in conflict with what we have said.

Our conclusion is that the cross-bill is not germane to the original bill and that the demurrer thereto should have been sustained.

We therefore reverse the judgment and remand the cause with directions to the trial court to enter up judgment in favor of plaintiff sustaining the demurrer. *Gantt, P. J.,* and *Sherwood, J.,* concur.