## LOUISE VIEHMANN et al. v. JACOB VIEHMANN, by Guardian and Curator, JOSEPHINE KAEMPER, Appellant.

Division Two, April 9, 1923.

1. **JUDGMENT OF PROBATE COURT: Collateral Attack.** A judgment of the probate court, concerning matters within its statutory jurisdiction, is entitled to the same favorable presumptions, arising from either affirmative statements or the silence of its record, as are accorded to judgments of the circuit court, and is invulnerable to collateral attack unless it affirmatively appears in some portion of the record that the steps necessary to acquire jurisdiction were not taken.

2. ———: ———: **By Partition: Fraud.** Where the record of the probate court shows the filing of a claim by the administratrix for services rendered, the appointment of an administrator *pendente lite*, the presentation of her claim to him, his waiver of notice and entry of appearance, consent to an immediate hearing, a call upon the claimant to testify, and the allowance, classification and payment of the claim, the judgment of allowance and an order for the sale of real estate to pay estate debts are at most only voidable and not subject to collateral attack; and where said administratrix and the grantee in the deed, both heirs of the intestate, bring suit for the partition of other estate lands against another heir, a minor, a defense, by cross-bill, alleging that said

administratrix and grantee entered into a conspiracy to cheat and defraud defendant and that the judgment of the probate court was fraudulent and praying that the sale be set aside, is not available, since the facts tend to show regularity in the procurement of the judgment, in a matter of which the probate court had jurisdiction.

3. ———: **Statutory Partition: Counterclaim: Cross-Bill.** To sustain defendant's cross-bill in a statutory proceeding in partition the matters alleged therein must be germane to and within the general scope of the matters embraced in plaintiff's petition. Where the petition seeks the partition of estate lands, brought by certain heirs against another, a cross-bill, charging that the sale of other lands under an order of the probate court to pay debts, and that the judgment by which one of the plaintiffs obtained an allowance of a claim against the estate, were fraudulent and the result of a conspiracy entered into by and between her and the other plaintiff to cheat and defraud the defendant, is not germane, and does not come within the provisions of the statute (Secs. 1232, 1233, R. S. 1919), and cannot be sustained as a counterclaim, because it does not contain a statement of new matter constituting a defense or counterclaim, and does not state a cause of action arising out of a contract between plaintiffs and defendant, or a cause of action arising out of the transaction set forth in the petition as the foundation of plaintiffs' claim, nor is the cause of action stated in the cross-bill connected with the subject of plaintiffs' action.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*John Cashman* for appellant.

(1)   The judgment of the probate court in allowing the claims of Louise Viehmann, and ordering a sale of the real estate to pay same, should not be permitted to stand. This administratrix, on oath, stated that it would not be necessary to sell the real estate to pay the debts of the deceased. All persons interested in the estate were at liberty to rely upon this declaration and assurance. This, taken with Louise's statement to the mother of the infant defendant, that the sale of the real estate would not be made for ten years, prevented defendant

and his mother from discovering the presentation of the fraudulent and fictitious demand of Louise which occasioned the sale of the real estate. Defendant's mother knew that the circumstances under which Louise lived with her father did not entitle her to make a demand for services. She had a right to rely upon the good faith of Louise, in protecting the interest of all, and that tricks and schemes would not be resorted to to cheat and defraud a child. She was a trustee of an express trust and was bound to deal with all interested with absolute good faith, and having not only failed in this duty, but was guilty of such deceit as would prevent anyone from discovering the scheme of herself and her sister to cheat defendant out of his rightful share of his grandfather's estate. These people still have the title between them, in Augusta's name. There are no innocent purchasers without notice, to be protected. The schemers still have the loot, taken by fraud at less than half its value, and from a child. There is not the slightest semblance of good faith anywhere, and the courts will grant speedy relief. Clyce v. Anderson, 49 Mo. 37; Merrit v. Merrit, 62 Mo. 150; Houtz v. Sheppard, 79 Mo. 144; Mangold v. Bacon, 237 Mo. 496; State ex rel. v. Holdcamp, 266 Mo. 370; Dorrence v. Dorrence, 242 Mo. 625; Dorrence v. Dorrence, 257 Mo. 317; Howard v. Scott, 225 Mo. 711. (2) Courts of equity have an original, independent and inherent jurisdiction to relieve against every species of fraud. Every transfer or conveyance of property by what means so ever it be done is vitiated by fraud. Deeds, obligations, contracts, judgments or decrees may be the instruments to which parties may resort to cover fraud, and through which they may obtain the most unrighteous advantage, but none of such devices or instruments will be permitted by a court of equity to obstruct the requisitions of justice. And it is immaterial whether such machinery and contrivance consist of a judgment at law, or a decree of a court of equity. Clyce v. Anderson, 49 Mo. 37; Merrit v. Merrit, 62 Mo. 150; Houtz v. Sheppard, 79 Mo. 144; Mangold v. Bacon, 237 Mo. 496; State ex rel.

v. Holdcamp, 266 Mo. 370; Dorrence v. Dorrence, 242 Mo. 625; Dorrence v. Dorrence, 257 Mo. 317; Howard v. Scott, 225 Mo. 711; Story's Equity (13 Ed.), sec. 187. (3)  The facts being known to the plaintiff of the condition of the Viehmann estate, and wholly unknown to the defendant, and the intent to present a claim purposely concealed from the defendant, is a sufficient excuse for not discovering and opposing the judgment in the probate court.  The affidavit of Louise Viehmann stating the amount of the personal estate and that it would not be necessary to petition for an order of sale of the real estate to pay the debts of the estate, taken with her statement to the defendant's mother to the effect that no sale of the real estate could be made until defendant arrived at full age, are such positive acts of deceit and fraud as will vitiate the judgment in the probate court, and justified the defendant and his mother in refraining from making inquiry or keeping watch upon the conduct of the administratrix.  Payne v. O'Shea, 84 Mo. 133; Word v. Quinlan, 57 Mo. 425; Bates v. Hamilton, 144 Mo. 1; Irvine v. Leyh, 102 Mo. 207.  (4)  The claim for eighteen hundred and ninety dollars was false and fraudulent; its verification was false and a fraud, all done to vest the probate court with jurisdiction to entertain and allow the claim and order the real estate sold.  And being fraudulent a court of equity has the inherent power to set aside the order of sale, the order approving the sale, and the deed, while title is held by one of the perpetrators of the fraud.  Dorrence v. Dorrence, 242 Mo. 625; Irvine v. Leyh, 102 Mo. 207; Wonderly v. County, 150 Mo. 650.  (5)  After the adjournment of the term of the probate court at which the report of sale was approved and deed ordered executed and delivered, the case could not be reopened in the probate court, and this defendant had no means or relief except by a bill in equity.  Smith v. Hauger, 150 Mo. 437.

*W. F. Heideman* for respondents.

(1) It appearing upon the fact of appellant's cross-bill that the judgment of the probate court authorizing the administratrix to sell the real estate, and the judg-ment of said court approving her report of the sale of such real estate, were regular in all respects, appellant could not attack those judgments in this proceeding. Wilson v. Wilson, 255 Mo. 528; Lieber v. Lieber, 239 Mo. 54; Jamison v. Wickham, 67 Mo. App. 575; Smith v. Sims, 77 Mo. 269; Sec. 211, R. S. 1919; Macey v. Stark, 116 Mo. 494; State ex rel. v. Dickman, 175 Mo. App. 550. (2) When fraud is alleged as the ground for setting aside judg-ments of the probate court which are regular upon their face, the evidence must show that actual fraud was prac-ticed on the court in obtaining the judgments, as contra-distinguished from judgments obtained on false or per-jured evidence, or on a fraudulent, fictitious or illegal claim or demand, or for any matter which actually was, or could have been, presented and considered by the pro-bate court in the judgments assailed. Wilson v. Wilson, 255 Mo. 536; Walter v. Null, 233 Mo. 112; Oldaker v. Spiking, 210 S. W. 62.

DAVIS, C.—This is a statutory action in partition, filed in the Circuit Court of the City of St. Louis, on the 25th day of June, 1920, praying partition and sale of one certain parcel of improved city real estate, the petition alleging, in substance, that said real estate devolved on plaintiffs and the minor defendant from one Jacob Vieh-mann, father and grandfather respectively of the parties, which estate was then and had been in the course of ad-ministration in the probate court since December 27th previous.

Defendant's second amended answer, after admit-ting the granting of letters of administration to Louise Viehmann, and the heirship and interest of the parties, is a pleading in the nature of an equitable cross-bill, stating, in effect, that the testator died intestate, seized of two pieces of property other than the piece sought to be partitioned by plaintiff, which were sold by the plain-

tiff herein, who was the administratrix of said estate, as
such, to the other plaintiff, Augusta Schroeder, to satis-
fy a judgment obtained in the probate court by plaintiff,
Louise Viehmann, for services, against the estate of Jacob
Viehmann, upon service on the administrator *pendente
lite*; and which said judgment defendant alleges was duly
allowed on the fourth day of March, 1920, and placed in
the fifth class of demands against said estate; it further
alleges and sets up fraudulent acts on the part of plain-
tiffs, by means of a conspiracy to cheat and defraud de-
fendant, and prays that the judgment claim of plaintiff,
Louise Viehmann, against decedent's estate, and the or-
der and sale made to co-plaintiff herein, Augusta Schroe-
der, be set aside and held for naught, and that the title
to said lots be divested out of the said Augusta Schroeder
and restored to said estate and said lots be partitioned.
Plaintiff's reply to said cross-bill was, first, a general
denial, and, second, in substance, that the administratrix
procured and published an order from the probate court
directing her to sell the real estate to pay debts.

The trial court excluded evidence sought by defend-
ant to be introduced under the cross-bill, dismissed his
crossbill, and decreed partition and sale of the one piece
of property set out in plaintiff's petition.

The evidence and such other matters as may be
deemed important, will be referred to in the opinion.

The questions presented for determination are, first,
may defendant collaterally attack and put in issue the
verity of a judgment entered in the probate court, and,
second, is defendant's cross-bill the proper pleading to
act as a direct attack on the probate court judgment?

I. Besides alleging in his cross-bill that the claim of
plaintiff, Louise Viehmann, was duly allowed, defend-
ant's evidence tends to show the appointment of an ad-
ministrator *pendente lite,* by the probate court, the pres-
entation of the claim to him verified by oath, waiver
of notice and entry of appearance, the call on claim-

Judgment of Probate Court: Collateral Attack. ant to testify, consent to immediate hearing, the allowance of the claim and entry of judgment, and the payment of the judgment in the sum of $1919.93. The judgment of the probate court, as thus set forth, tends to show regularity, is a voidable judgment only, and may not be set aside except for fraud in a direct proceeding brought for that purpose. The law is well established in this State that orders and judgments of the probate court, within their statutory powers, and concerning matters intrusted to them by law, are entitled to the same favorable presumptions arising from either affirmative statements, or the silence of their records, as are accorded in similar cases to the circuit courts. The judgment and proceedings of a court entitled to these presumptions will be upheld against collateral attack, unless it affirmatively appears in some portion of the entire record that the steps necessary to acquire jurisdiction were not taken. [Oldaker v. Spiking, 210 S. W. 59, 62 and cases cited; Wright v. Hetherlin, 277 Mo. 1. c. 112; Harter v. Petty, 266 Mo. 296; State ex rel. Van Hafften v. Ellison, 285 Mo. 301; Lieber v. Lieber, 239 Mo. 1; Abernathy v. Mo. Pac. Ry. Co., 287 Mo. 30; State ex rel. Burton v. Bagby, 288 Mo. 482.]

II. Having ruled that the verity of a judgment of the probate court, fair on its face, may not be attacked collaterally, it becomes necessary to determine whether defendant's cross-bill to set aside the judgment for fraud is a pleading that may act as a direct attack.

Plaintiff's suit is a statutory action to partition one described parcel of real estate. Defendant's cross-bill is a suit to set aside the judgment of the probate court and order of sale of two other described parcels of real estate for fraud and incidentally to partition same. The basis of his suit, however, is the setting aside of said judgment for fraud. He rises or falls, even in a proper action, on this hypothesis, for should the action for fraud fail, the partitioning of the two lots cannot be had.

To enable defendant to maintain his action, the cross-bill must come within the provisions of our counterclaim statute. Section 1232, Revised Statutes 1919, permits a defendant to make a statement of any new matter constituting a defense or counterclaim. Section 1233 authorizes its use when it arises out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action; or, in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action.

As was said in Fulton v. Fisher, 239 Mo. l. c. 129: "Our statute does not use the word 'cross-bill,' but the office of a cross-bill is as well recognized in our practice now as it was under the old chancery practice, and it means now what it meant then. . . . The statutory counterclaim embraces a cross-bill in equity, but is not limited to that, because, under the statute, in an action on a contract, the defendant may plead any other cause of action he may have against the plaintiff arising on contract."

The cross-bill now under discussion, in so far as it relates to the cause of action stated in plaintiff's petition, cannot be sustained as a counterclaim under the last clause of the statute mentioned, because the cause of action does not arise out of a contract between plaintiff and defendant; nor can it be sustained as a cross-bill or counterclaim under the first clause because it does not state a cause of action arising out of the contract or transaction set forth in the petition of plaintiff as the foundation of a claim, nor is it connected with the subject of plaintiff's action.

To sustain defendant's pleading, it must be shown that the matters alleged in the cross-bill are germane to and within the general scope of the matters embraced in plaintiff's petition. [Fulton v. Fisher, 239 Mo. 116; Mathiason v. St. Louis, 156 Mo. 196.] As also stated in Fulton v. Fisher, 239 Mo. at page 130: "A cross-bill in equity pleading is a matter of defense to the original bill,

or an auxiliary suit by a defendant against plaintiff or against other defendants, either to afford the cross-pleader a more adequate defense to the original bill than a mere answer would give, or to afford him affirmative relief concerning the same matter covered by the original bill.''

As we have said, plaintiff's petition is a statutory action in partition; defendant's cross-bill is a suit to set aside a judgment for fraud. The right to partition the property described in plaintiff's petition was not in any way involved in the cross-bill, and we are unable to see how a suit to set aside the judgment of the probate court for fraud could in any way affect the issues presented in plaintiff's petition. The cross-bill is not germane to the petition, nor is it defensive in its character; while it goes beyond a mere defense and asks for affirmative equitable relief, it does not touch the subject of the petition, nor does it ask for affirmative relief concerning the same matters covered by the petition. It was said in Mathiason v. St. Louis, 156 Mo. l. c. 202: ''If a defendant, in filing a cross-bill, attempts to go beyond this, and to introduce new and distinct matter, not essential to the proper determination of the matter put in litigation by the original bill, although he may show a perfect case against either the complainant or one or more of his co-defendants, his pleading will not be a cross-bill, but an original bill. And no decree can be rendered on such matter.''

We have reached the conclusion that the cross-bill is not germane to the petition, and does not touch or cover the same matter covered by it.

The action of the circuit court is sustained, and the judgment below affirmed. *Railey* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion of DAVIS, C., is hereby adopted as the opinion of the court. All of the judges concur.