Frank W. Campbell and Baylor M. Spotts, Trustees, Under the Will of Robert Campbell, v. Edith C. Spotts, Baylor M. Spotts, Jean Laird Stewart, Ellsworth Stewart, Katherine Edith Stewart, Dorris Jean Stewart, Margaret E. Stephens (Sutton), Alexander F. Stephens, Katherine Ann Spotts (Thompson), S. E. Thompson, James B. Campbell, Ella Campbell, Elizabeth Hammer (Alexander), Joseph Hammer, Edith Connell, John H. Connell, John D. Connell, Sarah Ruth Campbell, Frank W. Campbell, Sabra E. Campbell, Lillian C. Dennis, Charles F. Dennis, Jr., Everett H. Dennis, Frances G. Campbell, Robert L. Campbell, Evelyn S. Campbell, James W. Campbell, Robert Eakin Campbell, Letetia Campbell, Jean Campbell, Robert F. Campbell, Helen C. McGinnis, Karl McGinnis, Robert C. McGinnis, Rubina McKay, Annie Anderson, Mary B. Shier (Defendants), Frances G. Campbell and Lillian C. Dennis, Guardian, Appellants.—55 S. W. (2d) 986.

Division One, December 20, 1932.

*Wm. D. Bush*, *Wilbur F. Hall* and *Ernest D. Martin* for appellants.

976

*Duggins & Johnson* and *Perry S. Rader* for respondents Edith C. Spotts et al.

*John C. Grover* for respondents Robert Eakin Campbell, Letitia Campbell, Helen C. McGinnis and Karl McGinnis.

HYDE, C.—This is an appeal from an order of the Circuit Court of Saline County overruling appellants' motions for *nunc pro tunc* entries and for judgment on an alleged cross-petition of infant defendants by their guardian *ad litem*. The original suit was an action in equity commenced in 1922 by the trustees under the will of Robert Campbell against the beneficiaries named in the will and the children and grandchildren of those beneficiaries. The petition alleged the completion of the administration of the estate of Robert Campbell and the appointment of plaintiffs by the circuit court as trustees thereunder and the relationship of the defendants and "that conflicting claims have been made and set up, and are now being made and set up by those claiming as devisees or beneficiaries under the will, as to the true construction of said will, and their respective rights, titles and interests in the property devised thereby, the nature, character and duration of any trust or trusts, if any, arising or existing under its provisions, in the property referred to therein, and the rights and duties of plaintiffs as trustees, or otherwise, with respect to certain properties, mentioned in said will, and the income arising therefrom, and as to the use, application and disposition to be made by the trustees of the income to said property." The petition then alleged the nature of the conflicting claims, pointed out the provisions of the will which were claimed to be "conflicting, ambiguous, indefinite and uncertain in meaning," set out the property devised to each of the beneficiaries, and the contentions made about the meaning of and the several possible constructions of provisions concerning the lands devised to each beneficiary and the interest of such beneficiary therein.

The prayer of the petition was that the will be construed; that the duties of the trustees be defined, and that the court "ascertain, determine, and define the identity of the various beneficiaries under said will, in and to the properties mentioned and described in this petition above, and to the income therefrom; and that it ascertain, determine and define the respective rights, title and interest of said beneficiaries in and to said property and to the income thereof; and that if any trust was created by the terms of said provisions of said will, or sufficient language used for such purpose, that the court declare and ascertain, determine and define the nature, character and extent thereof, the beneficiaries thereof, the properties to which it applied and the respective right and interest of such beneficiaries,

the duration as to time of such trust and the use, application, disposition and distribution to be made by the plaintiffs, as trustees, of said property and the income therefrom.''

A guardian *ad litem* was appointed for the minor defendants who filed an answer which set up the following contention for the minor defendants:

''These minor defendants further state through their guardian *ad litem,* that the dominant purpose and intention of the said Robert Campbell, deceased, in the disposition of his property, as ascertained from said last will and testament, was to leave his said properties, devised by the first five paragraphs of said will, so that it would remain intact and inure to the benefit of the children of the said Edith C. Spotts, James Bremner Campbell, Frank W. Campbell, Helen Campbell McGinnis and Robert Eakin Campbell, and to that end, by the terms of said will, he gave a life estate in such respective properties to his said above named children and grandchildren, with remainder in fee to their children or descendants, and in furtherance of said purpose and in aid thereof, and for the purpose of insuring support of the wives and children of his said children and grandchildren, the said testator, by the terms of said will, created a trust, whereby the properties devised under the first five paragraphs of the will should be held, managed and controlled by competent trustees, the trustees to rent the property, collect the proceeds, pay the taxes thereon, keep up the improvements, insurance, etc., and use the balance for the support of such devisees and their families.''

This answer also made the same claim concerning each of the specific tracts of land devised to each of the five beneficiaries by the first five paragraphs of the will of Robert Campbell and ended with the following prayer: ''Wherefore, these minor defendants pray the court that said will be construed as herein set out, and for all relief to which they may be entitled in the premises.''

Joint answer was filed by the five beneficiaries under the will who were the children of Robert Campbell and the children of his deceased son claiming that the tracts of land described in the trustees' petition as devised to each of them were devised to them in fee simple but charged with the maintenance and support of the wife of Robert Campbell ''that he in no wise by said charge gave the wife, or trustees, a life estate in said lands, but invested these defendants, respectively, with the legal fee therein, and simply postponed their full and exclusive enjoyment thereof until the death of his said wife, said full enjoyment being burdened solely by the charge assessed against said tracts respectively for her maintenance and support during her natural life.''

Answer was filed by certain adult children of the beneficiaries making the same claim as was made in the petition filed by the guard-

ian *ad litem* for their minor children and answer was also filed by other adult children of the beneficiaries asking only that the court construe the will and determine their rights. A stipulation was filed on November 22, 1922, agreeing upon certain facts such as the relationship of the parties, the probate of the will, and that last marriage of Robert Campbell was on the same date and at the same place that the marriage settlement and the will were made.

On December 18, 1922, the following order was entered by the court:

" 'Now at this day come the parties hereto, plaintiffs and defendants, and file Stipulation. And now come the plaintiffs and dismisses this cause; and it is ordered and adjudged by the court that the plaintiffs pay the costs of this action and that execution issue therefor; and it is also ordered by the court that A. B. Hoy be allowed $200 as guardian *ad litem*.' "

Thereafter, in 1923, a suit was commenced by the beneficiaries of the will of Robert Campbell for an adjudication of their rights. The judgment in that case is attacked by writ of error decided concurrently herewith, Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977, and by writ of error *coram nobis,* decided concurrently herewith, Spotts v. Spotts, 331 Mo. 942, 55 S. W. (2d) 984. After filing the application for writ of error *coram nobis* in that case but prior to the suing out of the writ of error, appellants, on January 14, 1929, filed a motion stating that the order of dismissal of December 18, 1922, did not terminate the case because the minor defendants asserted title in fee in themselves and asked the court to construe the will of Robert Campbell; that this was a cross-petition of the minor defendants and it is still pending. They prayed the court for judgment on this cross-petition. Appellants also, at the same time, filed another motion for *nunc pro tunc* entries showing what they alleged actually took place in the circuit court on November 22, 1922, and December 18, 1922. The entries asked to be made were as follows:

"November 22, 1922.

" 'Plaintiffs and defendants file joint stipulations.

" 'Now, on this day this cause coming on for hearing in open court, all parties plaintiffs and defendants appearing in person or by attorney, minor defendant appearing by guardian *ad litem*, and all parties announcing ready for trial, this cause is taken up by the court, heard, and after argument by counsel, said cause was submitted to the court on the pleadings and stipulations for its decision, and was by the court taken under advisement, each side being allowed ten days in which to file brief.' "

"December 18, 1922.

" 'Now on this day the above cause came on for final disposition, the court having had all matters of said cause under advisement,

and all parties, both plaintiffs and defendants, appearing in person or by their attorneys, the minor defendants appearing by guardian *ad litem;* thereupon, the court announced its conclusions, stating that plaintiffs had failed to make out a case, and that judgment should be rendered in favor of the minor defendants and grandchildren of the said Robert Campbell, deceased; whereupon, plaintiffs dismissed their bill in equity; and it is ordered and adjudged by the court that plaintiffs pay the costs of this action, and that execution issue therefor. It is also ordered by the court that A. B. Hoy be allowed $200 as guardian *ad litem* herein.'

" 'To which judgment of the court and the rendition thereof, the minor defendants by their guardian *ad litem* then and there objected, and duly excepted.' "

Answers to these motions were filed on behalf of Edith C. Spotts, who was one of the beneficiaries under the will and her children, all of whom were defendants in the original case. In support of their motions appellants offered in evidence the pleadings in the case above referred to, the stipulation filed November 22, 1922, a page of the docket of the Clerk of the Circuit Court of Saline County, showing the following entries:

"10/6/22. Guardian *ad litem* A. B. Hoy files answer.

"11/22/22. Defendants Edith Spotts, James Bremner Campbell, Frank W. Campbell, Baylor M. Spotts, Ella Campbell, Sabra E. Campbell, Helen Campbell McGinnis, Karl McGinnis, Robert Eakin Campbell, Letetia Campbell, file joint and separate answer.

"Edith Connell and John H. Connell file joint and separate answers.

"Jean Laird Stewart, Ellsworth Stewart, Margaret E. Stephens, Alexander Grant Stephens, Elizabeth Hammer, Joe Hammer, Lillian C. Dennis, and Charles F. Dennis, Jr., file joint and separate answer.

"Plaintiffs file reply to all answers.

"Parties file stipulation.

"12/18/22. Cause dismissed by plaintiffs. A. B. Hoy guardian *ad litem* allowed $200."

And also the following entries shown upon a page of the judge's docket:

"Oct. 6. Guardian *ad litem* files answer.

"(Pencil notation) Set for Nov. 22.

"Dec. 18. Dismissed by plaintiff. A. B. Hoy guardian *ad litem* allowed $200 for his services."

Appellants also offered the oral testimony of the guardian *ad litem* and one of the trustees under the will, who was one of the plaintiffs, as to what took place in court on November 22, 1922, and December 18, 1922. This offer of oral testimony was refused by the court. The court overruled both of appellants' motions and they have appealed from that order.

█ █ The motion for *nunc pro tunc* entries was properly denied and the court's action in excluding the oral testimony on that issue was correct. The scope and limitations of proceedings for *nunc pro tunc* corrections, as well as the evidence upon which such corrections must be based and the authorities therefor, were fully stated by the court in Burton v. Burton, 288 Mo. 531, 232 S. W. 476, as follows:

"While a court has power at a subsequent term to correct or amend its judgment, this power is limited to cases where there has been an omission to enter such a judgment as the court actually rendered. The correction thus made may result in an amendment of the judgment as entered by the clerk, but after all, it amounts to nothing more than the correction of a clerical error or omission and the consequent entry of the judgment as really rendered. This power has been recognized from the earliest times and frequent instances of the exercise of same are found in our reports. [Hanly v. Dewes, 1 Mo. 16; Hickman v. Barnes, 1 Mo. 156; Mullanphy v. Phillipson, 1 Mo. 188; Hyde v. Curling, 10 Mo. l. c. 363; Harrison v. State, 10 Mo. l. c. 689; State v. Clark, 18 Mo. 432; Stacker v. Cooper Circuit Court, 25 Mo. 401; Robertson v. Neal, 60 Mo. 579; Davison v. Davison, 207 Mo. 702.] Such amendments as are here authorized, are within the purview of the statute, Section 1277, Revised Statutes 1919 (Sec. 822, R. S. 1929).

"Wherever, therefore, the clerk has failed to enter up a judgment or enters up a wrong judgment, and the order is sought simply that the proper entry may be made, the power may be exercised; *but, when the court has omitted to make an order which it might or ought to have made, it cannot be made at a subsequent term by nunc pro tunc entry.* [Gibson v. Chouteau's Heirs, 45 Mo. 171; Turner v. Christy, 50 Mo. 145; Priest v. McMaster, 52 Mo. 60; Dunn v. Raley, 58 Mo. 134; Fletcher v. Coombs, 58 Mo. 430; State ex rel. Graves v. Primm, 61 Mo. 170; Wooldridge v. Quinn, 70 Mo. l. c. 371; Belkin v. Rhodes, 76 Mo. l. c. 651; Ross v. Railroad, 141 Mo. l. c. 395.]

"In the exercise of this power *the action of the court must be based on the judge's minutes, the clerk's entries, or some papers on file in the case, and not upon the judge's recollection of what took place at the trial or upon outside evidence.* [Saxton v. Smith, 50 Mo. 490; Priest v. McMaster, 52 Mo. 60; State v. Jeffors, 64 Mo. 376; Fetters v. Baird, 72 Mo. 389; Belkin v. Rhodes, 76 Mo. 643; Mo. Ry. Co. v. Holschlag, 144 Mo. 253; Young v. Young, 165 Mo. 624; Williams v. Sands, 187 S. W. 1188; In re Fulsome's Est., 193 S. W. l. c. 620; State ex rel. Aiken v. Buckner, 203 S. W. 242.]" (Italics ours.)

The authorities are again reviewed and the same conclusions reached by this court in Clancy v. Luyties Realty Co., 321 Mo. 282, 10 S. W. (2d) 914. Neither the court's order nor the clerk's entry nor the judge's minutes nor the stipulation filed shows that there was ever a final submission of this case nor that a trial of it was

even commenced. The most that is shown is that the case was at issue on the pleadings filed by various parties and that the stipulation as to facts was filed at the time the final pleadings were filed. ■ A suit may be dismissed by the plaintiff ''at any time before the same is submitted to the jury, or to the court sitting as a jury, or to the court.'' [Sec. 960, R. S. 1929.]

■ Concerning appellants' contention that the answer of their guardian *ad litem* asked for affirmative relief which made it a cross-petition and that therefore it was not disposed of by plaintiffs' dismissal but is still pending, it seems that the situation in this case was entirely different from that existing in the cases cited by them. Those cases hold that, when in a suit to quiet title to land the defendant asserts title in himself and asks the court to ascertain and determine the title between the parties, the plaintiff could not take a nonsuit and deprive the defendant of the right to have an adjudication of the title. [Rutledge v. Dent, 308 Mo. 547, 274 S. W. 30; Barron v. Wright-Dalton-Bell-Anchor Store Co., 292 Mo. 195, 237 S. W. 786; Adams v. Cary, 226 S. W. 833; Craig v. Bright, 213 S. W. 845; Graves v. Chapman, 248 Mo. 83, 154 S. W. 61; State ex rel. Bernero v. McQuillin, 246 Mo. 517, 152 S. W. 347.] This rule, as stated in the latter case, is based upon an express statutory provision which was added by the amendment of 1909 to the statute concerning suits to quiet title to real estate. [Sec. 1520, R. S. 1929.] This amendment was as follows:

''And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands, whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other different or separate action prosecuted therefor.''

■ ■ This suit was not between the parties who claimed the title adversely to each other, but was one in which the trustees, who were holding the property for the benefit of all defendants, were plaintiffs. The trustees were asking for directions as to how long they were authorized by the will to remain in possession of the property which ultimately went to some of the defendants. If the trust was terminated the beneficiaries under the will were entitled to possession of the land either for life or in fee. It was no concern of the trustees which. If they were entitled to it at all, the trustees' right to possession was ended. The question as to whether the bene-

ficiaries under the will were entitled to the fee or the life estate was one to be litigated between them and those who would be remaindermen and they were all defendants.

Likewise, if the trustees were to remain in possession during the lifetime of the beneficiaries under the will, it was not necessary to have decided, during their lifetime, the question of to whom the fee went at the death of each. It might occur, even if the bodily heirs of the named beneficiaries of the will were entitled to the fee, that none of their children or grandchildren named as defendants in the case would live to be such heirs and that the persons who would answer that description would be persons not in being at the time this suit was brought. Heirs of a person, bodily or otherwise, are to be determined at his death. [See Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977, supra.] The petition of the trustees prayed for a complete determination of the character of the trust, the identity of the beneficiaries and their rights and interests in the trust estate. It was proper for the trustees to have all questions concerning their duties and the rights of the beneficiaries in the trust estate declared but their right to bring all persons, who might ultimately be interested, whether or not they had any interest, while the trust estate continued, into court and require them to litigate among themselves the question of title to the land after the termination of the trust, is another matter. This court said in a recent case brought by a trustee under a will for a decree construing the will and defining its duties:

"In the present case, we are not called upon to make a construction of this will to meet every contingency that might have arisen or that yet may arise. We are called upon to meet the present conditions and construe the will with reference to such conditions. Many of the possible contingencies which might have arisen are now past and may be eliminated. Some of the provisions of this rather complex will need not now be considered except so far as same may throw light on the meaning and intent of such provisions as are vital under existing conditions." [American National Bank v. Saunders, 330 Mo. 456, 50 S. W. (2d) 87, l. c. 90.]

This is stated in Ruling Case Law as follows:

"While a trustee has the right to ask the instructions of the court as to his present duties, he cannot request instructions of the court as to what may be his duty upon the happening of future contingencies." [26 R. C. L. 1373, sec. 232; see, also, 39 Cyc. 317.]

■■ Keeping in mind that the real issue in this case was the character of the trust and the duties of the trustees, and considering the guardian *ad litem's* answer in that light, it seems apparent that it was not a cross-petition asking affirmative relief against plaintiffs, such as does an answer in a quiet title suit seeking a complete determination of the title between the parties. A cross-bill even

though it asks affirmative relief is primarily a pleading of defense to plaintiff's suit. The affirmative relief it asks must be germane to the cause of action stated in the petition or it will not be considered. While relief may be also granted against a codefendant, this will be done only when it is also against the plaintiff and in aid of the cross-pleader's defense to the original action. [Maupin v. Longacre, 315 Mo. 872, 288 S. W. 54; Viehmann v. Viehmann, 298 Mo. 356, 250 S. W. 565; Hamlin v. Walker, 228 Mo. 611, 128 S. W. 945; Lanyon v. Chesney, 209 Mo. 1, 106 S. W. 522; Mathiason v. St. Louis, 156 Mo. 196, 56 S. W. 890; Joyce v. Growney, 154 Mo. 253, 55 S. W. 466.] Prior to the enactment of our statute, giving defendant a right to stay in court on his counterclaim (Sec. 849, R. S. 1929), a plaintiff's dismissal carried with it the defendant's set-off or counterclaim. [Hamlin v. Walker, supra; Lanyon v. Chesney, supra.] In Fulton v. Fisher, 239 Mo. 116, 143 S. W. 438, this court stated the following rules concerning cross-bills:

" 'The statutes relating to pleadings do not authorize one defendant to inject into the plaintiff's suit an independent suit, either at law or in equity, against his codefendant not necessary or germane to his defense to the plaintiff's suit . . . although he may show a perfect case against either the complainant or one or more of his codefendants, his pleading will not be a cross-bill but an original bill. And no decree can be rendered on such matter.' . . .

"A cross-bill must be germane to the original bill and defensive in its character, but it may go beyond a mere defense and show cause for affirmative equitable relief touching the subject of the original bill; if it is merely a defense to the original suit the dismissal of the original suit carries the cross-bill out of court—when the attack is withdrawn there is nothing to defend—but if the cross-bill makes a case which entitles the cross-pleader to equitable relief against the original plaintiff touching the subject of the original bill, then the dismissal of the original bill does not carry with it the cross-bill; the cross-pleader is entitled to his equitable relief."

 Here, the guardian *ad litem's* answer was wholly defensive. Its principal purposes were to deny plaintiff's claim that the trust was uncertain and indefinite; to resist the construction of the will (claimed by the named beneficiaries and referred to in the petition) that the duties of the trustees were only to collect the amounts necessary to carry out the marriage settlement between Robert Campbell and his wife, and that the named beneficiaries had title in fee subject to that charge against the lands; and to adopt the construction (also referred to in the petition) that the will gave a life estate, to be held in trust, to the named beneficiaries with remainder in fee to their descendants. In stating that construction as the proper one the answer was only setting out the guardian *ad litem's* theory of the meaning of the will and was not asserting title against the plain-

tiffs because the trustees, the only plaintiffs, were making no adverse claim of the title against the infant defendants or any other defendants, nor did the answer ask the court to compel the trustees to do anything. If any adverse claim of title was made against the infant defendants it was not made by plaintiffs in their petition but by the named beneficiaries of the will. The guardian *ad litem's* answer is not a pleading to their answer asking affirmative relief against them. In fact it was filed before their answer was filed. They were the only parties between whom there could have been a title controversy over the fee and no such controversy was prayed for or begun by the answer of the guardian *ad litem*. We therefore conclude that the judgment of dismissal entered by the circuit court finally disposed of the whole case.

The judgment is affirmed. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All of the judges concur.