EDITH C. SPOTTS, JAMES B. CAMPBELL, FRANK W. CAMPBELL, HELEN C. McGINNIS, ROBERT EAKIN CAMPBELL v. BAYLOR M. SPOTTS and FRANK W. CAMPBELL, Trustees Under the Will of ROBERT CAMPBELL; BAYLOR M. SPOTTS, JEAN LAIRD STEWART, ELLSWORTH STEWART, KATHERINE EDITH STEWART, DORRIS JEAN STEWART, MARGARET E. STEPHENS, ALEXANDER F. STEPHENS, KATHERINE ANN SPOTTS, ELLA CAMPBELL, ELIZABETH HAMMER, EDITH CONNELL, JOHN H. CONNELL, JOHN D. CONNELL, SARAH RUTH CAMPBELL, SABRA E. CAMPBELL, LILLIAN C. DENNIS, CHARLES F. DENNIS, JR., EVERETT H. DENNIS, FRANCES G. CAMPBELL, ROBERT L. CAMPBELL, EVELYN S. CAMPBELL, LETETIA CAMPBELL, JEAN CAMPBELL, ROBERT F. CAMPBELL, KARL McGINNIS, ROBERT C. McGINNIS, JAMES W. CAMPBELL (Defendants), FRANCES G. CAMPBELL and LILLIAN C. DENNIS, Guardian, Appellants.—55 S. W. (2d) 984.

Division One, December 20, 1932.

*Wm. D. Bush, Wilbur F. Hall* and *Ernest D. Martin* for appellants.

*Duggins & Johnson* and *Perry S. Rader* for respondents.

944

HYDE, C.—This is an application by appellants for a writ of error *coram nobis,* to set aside a judgment against them and other defendants, in a suit brought by the beneficiaries of the will of Robert Campbell to determine the title to certain real estate devised by the will of Robert Campbell. This required a construction of the will and is the same judgment plaintiffs' brother, Robert L. Campbell, sought to reverse by a writ of error from this court. That case is decided concurrently herewith. [Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977.] Before the writ of error in that case was sued out, appellants had filed their motion herein for a writ of error *coram nobis* to set the judgment aside.

Appellants' motion set up the following grounds for vacating the judgment:

First: That the judgment failed to follow the plain language and intent of Robert Campbell.

Second: That at the time judgment was rendered another suit of like nature was pending between the same parties in the trial court.

Third: That the amended petition, upon which judgment was rendered, did not incorporate the will of Robert Campbell therein nor attach it as an exhibit, with the intent of misleading the court.

Fourth: That the amended petition did not state a cause of action.

Fifth: That the special judge who tried the case was without jurisdiction because irregularly appointed.

Sixth: That the judgment amounted to a wanton taking of the property of minors without any consideration and without due process of law.

Seventh: That fraud was practiced by plaintiffs in the procurement of the decree because plaintiffs knew the terms of the will and the legal effect thereof, knew that they had only a life estate in the income from trust property and that fee simple title vested in the bodily heirs of the plaintiffs; that plaintiffs, intending to cheat and defraud the minor heirs, commenced suit in the United States District Court afterwards dismissed the same when the judge thereof was about to decide the cause adversely to plaintiffs; that plaintiffs thereafter commenced a suit in the Circuit Court of Saline County for the same purpose but abandoned that case when the judge indicated that his decision would be against plaintiffs; that, thereafter, when the judge who had heard the previous case retired from office, plaintiffs commenced another suit in the Circuit Court of Saline County in which they purposely misstated the provisions of the will; that they procured the appointment of another guardian *ad litem* for the minor defendants because the guardian *ad litem* in the other suit made a defense for the minors; that they obtained a trial before a judge unfamiliar with the facts when the former case had never been dismissed; that they obtained a decree, which is a misconstruction of the plain language of the will; and that the decree was the result of collusion and conspiracy between plaintiffs and the trustees under the will of Robert Campbell.

The motion also alleged that the decree violated Section 10 of Article 1 of the Constitution of the United States by impairing the obligation of contracts and violated both the Constitution of the United States and the Constitution of Missouri by taking property without due process of law. The motion further alleged that plaintiffs did not own the fee simple title, were not in possession nor entitled to possession nor to any present vested interest in the real estate conveyed to the trustees by the will of Robert Campbell, "but as an error of fact, the court believed these allegations of plaintiffs, and supposed it to be a fact that plaintiffs herein were the absolute owners in fee simple title of the aforesaid real estate, whereas, they owned nothing, under the terms of said will as to such real estate, having only the right to share in the income therefrom, which the trustees were directed to collect and use for the support of plaintiffs and

their families; and had the court known such fact, or had such fact been presented to the court, it would not then have rendered such judgment or decree.''

The original plaintiffs filed an answer in which they denied the allegations of fraud and alleged their own version of the facts about the various suits, which were that the parties were different since the first suit in the Circuit Court of Saline County was brought by the trustees under the will only, whereas the second suit was brought by all of the devisees under the will against the trustees (and others) as defendants. They also alleged their theory of the construction of the will, which is that set out in their petition, part of which is quoted in Spotts v. Spotts, 55. S. W. (2d) 977, above referred to. They further alleged that one of appellants was of legal age at the time that judgment was rendered but did not appeal or file a motion for new trial; that the other appellant had been of age four years before the application for the writ was made; and that the father of appellants during that time had sold the land to innocent purchasers. Those parties, who had purchased land of appellants' father and other original plaintiffs on the faith of the decree, intervened and asked that the motion be overruled. The court heard evidence of the parties and interveners, only part of which is set out in the bill of exceptions filed. The evidence contained therein consists of the will of Robert Campbell and various documents showing the character of the whole litigation about the will. Judgment was entered overruling the motion, and appellants have appealed therefrom.

█ It is apparent that the first, fourth, fifth and sixth grounds stated in the motion allege errors of law. This is also true of much of the matter alleged under the seventh ground, such as the statement that the decree violated the ''due process'' and ''contract'' clauses of the Constitution. The above quoted part of the decree stating as an error of fact that the court believed plaintiffs ''were the absolute owners in fee simple of the aforesaid real estate, whereas they owned nothing'' is simply a contention that the court incorrectly construed the will. It is well settled that errors of law are not reached by a writ of error *coram nobis*. [Simms v. Thompson, 291 Mo. 493, 236 S. W. 876, and cases cited; 34 C. J. 397, sec. 615; 2 R. C. L. 307, sec. 262.] The second ground, pendency of another suit is disposed of by the case of Campbell v. Spotts, 331 Mo. 974, 55 S. W. (2d) 986, decided concurrently herewith.

██ The seventh ground of the motion (and perhaps the third ground) is based upon fraud. In fact, the charges of fraud seem to be the principal ground relied upon and are set out at great length. This court en banc in Simms v. Thompson, 291 Mo. 493, 236 S. W. 876, clearly settled the law in this State, holding that a writ of error *coram nobis* is not the remedy for obtaining relief from a judgment

on the ground of fraud and expressly disapproving of former cases which so held. In reaching this decision the court pointed out that the office of the writ was confined strictly to error of fact, which had it been known at the time of the rendition of the judgment, the court would not have entered the judgment; that it must be a fact directly connected with the case and wrongly considered in the entry of judgment; and that the court would not look into the cause of action on which the judgment was rendered or consider any facts which might have been presented to the court on the trial of the cause or facts which were put in issue and adjudicated upon the trial. The following instances, where the writ would lie, were cited:

"A judgment rendered against an insane person without the intervention of a guardian; where a defendant dies after service of process and before judgment; where a married woman was sued without her husband being joined and judgment rendered against her (before the Married Women's Act); judgment against an infant without a guardian *ad litem.*"

If appellants can prove their allegations of fraud, collusion and conspiracy they have a remedy by a timely suit in equity to set aside the judgment. [See Spotts v. Spotts, 331 Mo. 917, 55 S. W. (2d) 977, and cases there cited.]

The judgment is therefore affirmed. *Ferguson* and *Sturgis*, CC., concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All of the judges concur.